**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES, HARWICK + PARTNERS, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | 95-3009 TU A |
| v. | § | |
| | § | |
| LOONEY RICKS KISS ARCHITECTS INC., | § | |
| and PAIGE C. CLOSE, | § | |
| | § | |
| Defendants. | § | |

## SECOND AMENDED COMPLAINT

Plaintiff, James, Harwick + Partners, Inc., by its attorneys, Winstead Sechrest & Minick P.C., Thompson & Knight, P.C. and Thomason, Hendrix, Harvey, Johnson & Mitchell, for its Second Amended Complaint against Defendants Looney Ricks Kiss Architects, Inc. and Paige C. Close, alleges as follows:

### Parties

1.     Plaintiff, James, Harwick + Partners, Inc. ("James Harwick"), is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 8340 Meadow Road, Suite 248, Dallas, Texas 75231.

2.     On information and belief, Defendant Looney Ricks Kiss Architects, Inc. ("Looney Ricks") is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business at 88 Union Avenue, Suite 900, Memphis, Tennessee 38103. Defendant Looney Ricks may be served via its counsel, W. Michael Richards, Esq., Baker, Donelson, Bearman & Caldwell, 165 Madison, Suite 2000, Memphis, Tennessee 38103.

SECOND AMENDED COMPLAINT - Page 1

LRK 07966

3.    On information and belief, Defendant Paige C. Close ("Close") is a resident of Tennessee and is doing business in this District. On information and belief, Defendant Close is Director of Multifamily for Defendant Looney Ricks. Defendant Close may be served via his counsel, W. Michael Richards, Esq., Baker, Donelson, Bearman & Caldwell, 165 Madison, Suite 2000, Memphis, Tennessee 38103.

### Jurisdiction and Venue

4.    This Court has jurisdiction over the subject matter and the parties under 15 U.S.C. § 1121, 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331, 1332(a) and 1338, and has pendent jurisdiction of claims under Tennessee law.

5.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

### COUNT I
### COPYRIGHT INFRINGEMENT

6.    James Harwick is an architectural firm in the business of creating, distributing and selling architectural works and related technical drawings. As part of its business, James Harwick creates architectural works and technical plans for developers of multi-family apartment complexes throughout the United States.

7.    Specifically, James Harwick creates architectural plans and drawings embodying the overall form of multi-family apartment buildings, as well as the arrangement and composition of spaces and elements within each building. In connection with a particular project, James Harwick creates unique works such as unit plans for individual apartments, building plans for groups of apartments, leasing office plans, exterior building plans and a site plan for the entire project (collectively the "Architectural Works"). In addition, James Harwick creates technical drawings setting forth the underlying details of the above Architectural Works (the "Technical Plans").

SECOND AMENDED COMPLAINT - Page 2

LRk 07967

8.    James Harwick is the author of unique Architectural Works and underlying Technical Plans for multi-family apartment complexes entitled "Jefferson at Raccoon Creek," "Jefferson at Morgan Falls," "Jefferson at Windward and "Jefferson at Cool Springs" (the "Jefferson Architectural Works" and "Jefferson Technical Plans").

9.    James Harwick has invested substantial amounts of time and effort in creating the Jefferson Architectural Works and Jefferson Technical Plans over the years.

10.    James Harwick is the owner of copyrights in the Jefferson Architectural Works and the Jefferson Technical Plans.  The Jefferson Architectural Works and Jefferson Technical Plans were published in the United States with a proper copyright notice in 1994 and 1995, and are entitled to protection pursuant to the Copyright Law of the United States, Title 17, United States Code.

11.    In compliance with the Copyright Law of the United States, James Harwick's copyrights in the Jefferson Architectural Works were duly registered in the United States Copyright Office in the name of James Harwick as follows:

| Registration No. | Title | Registration Date |
|---|---|---|
| VA 721-176 | Jefferson at Raccoon Creek | April 24, 1995 |
| VA 721-177 | Jefferson at Morgan Falls | April 24, 1995 |
| VA 721-178 | Jefferson at Windward | April 24, 1995 |
| VA 775-421 | Jefferson at Cool Springs | December 7, 1995 |
| VA 7750422 | Jefferson at Cool Springs Leasing Office | December 7, 1995 |

Copies of the first three (3) Registrations are attached as Plaintiff's Exhibits 1-3 to the Original Complaint.  Copies of the last two (2) Registrations are attached hereto as Plaintiff's Exhibits 21

SECOND AMENDED COMPLAINT - Page 3

LRK 07968

and 22. All exhibits to the Original Complaint are incorporated by reference herein as if attached hereto.

12.     James Harwick is the sole owner of all right, title and interest in and to the copyrights in the Jefferson Architectural Works and the related registrations. Reduced copies of James Harwick's copyrighted Jefferson Architectural Works are attached as Plaintiff's Exhibits 5-8 to the Original Complaint.

13.     James Harwick's copyrights in the Jefferson Architectural Works are presently valid and subsisting and have been valid and subsisting at all times herein affecting the matter complained of herein.

14.     In compliance with the Copyright Law of the United States, James Harwick's copyrights in the Jefferson Technical Drawings were duly registered in the United States Copyright Office in the name of James Harwick as follows:

| Registration No. | Title | Registration Date |
|---|---|---|
| VA 732-293 | Jefferson at Raccoon Creek | December 11, 1995 |
| VA 732-291 | Jefferson at Morgan Falls | December 11, 1995 |
| VA 732-292 | Jefferson at Windward | December 11, 1995 |
| VA 732-290 | Jefferson at Cool Springs | December 11, 1995 |

Copies of the Registrations are attached as Plaintiff's Exhibits 9-12 to the Original Complaint.

15.     James Harwick is the sole owner of all right, title and interest in and to the copyrights in the Jefferson Technical Plans and the related registrations. Reduced copies of James Harwick's copyrighted Jefferson Technical Plans are attached as Plaintiff's Exhibits 13-16 to the Original Complaint.

SECOND AMENDED COMPLAINT - Page 4

16.     James Harwick's copyrights in the Jefferson Technical Plans are presently valid and subsisting and have been valid and subsisting at all times herein affecting the matter complained of herein.

17.     Beginning in 1988, James Harwick employed Defendant Close as an associate architect at James Harwick's Dallas office.   During his employment with James Harwick, Defendant Close had access to the company's materials, including access to James Harwick's copyrighted Jefferson Architectural Works and Jefferson Technical Plans, James Harwick's manual of Unit Plans, confidential financial and business information of James Harwick regarding James Harwick's costs to prepare its Architectural Works and Technical Plans, clients for whom James Harwick was working and bids on potential projects by James Harwick.

18.     On April 18, 1995, Defendant Close resigned from his employment with James Harwick. On information and belief, Defendant Close accepted employment immediately thereafter with Defendant Looney Ricks in Memphis, Tennessee.

19.     On information and belief, Defendant Close became Director of Multifamily at Looney Ricks.   On information and belief, prior to Defendant Looney Rick's employment of Defendant Close, Looney Ricks did not offer architectural services or create architectural works and technical drawings for multi-family apartment complexes.

20.     James Harwick has never authorized Defendants to copy or reproduce, create derivative works based on, distribute unauthorized copies of, or publicly display, any of its Jefferson Architectural Works or Jefferson Technical Plans.

SECOND AMENDED COMPLAINT - Page 5

LRK 07970

21.     On information and belief, commencing on a date unknown and continuing to the present, Defendants have, without authority, willfully reproduced or had another manufacture for them unauthorized copies of, or created derivative works based on, James Harwick's Copyrighted Works, advertised, distributed, offered for sale, sold and publicly displayed such unauthorized copies throughout the United States and in this District in violation of §§ 106(l), 106(2), 106(3) and 106(5) of the Copyright Act of 1976.

22.     On information and belief, Defendants have willfully infringed for profit James Harwick's registered copyrights by copying or inducing another to copy James Harwick's Copyrighted Works, selling and distributing said unauthorized copies, publicly displaying said unauthorized copies, creating derivative works based on James Harwick's Copyrighted Works, and otherwise exploiting the infringing works, knowing that the infringing works are copied from and substantially similar to the copyrighted Jefferson Architectural Works and Jefferson Technical Plans covered by the following U.S. Registrations: VA 721-176 (Jefferson at Raccoon Creek); VA 721-177 (Jefferson at Morgan Falls); VA 721-178 (Jefferson at Windward); VA 732-290 (Jefferson at Cool Springs); VA 732-291 (Jefferson at Morgan Falls); VA 732-292 (Jefferson at Windward); VA 732-293 (Jefferson at Raccoon Creek); VA 775-421 (Jefferson at Cool Springs); and VA 775-422 (Jefferson at Cool Springs Leasing Office) (collectively the "Copyrighted Works").

23.     On information and belief, one or more of the following sites of Defendants infringes Plaintiff s copyrights: Jefferson at Rock Creek, Jefferson Creek (Gwinnett), Jefferson at Vinings, Jefferson at River, Jefferson at Broadmoor, Jefferson at Leawood, Jefferson Ridge, Jefferson at Windward II, Jefferson at Cool Springs II, Promenade at Deer Creek, Jefferson at Highlands, Jefferson at College Park, Jefferson at Pinoak Village, Jefferson at Frankford, Jefferson

SECOND AMENDED COMPLAINT - Page 6

LRk 07971

at Southwind, Jefferson at Presidents Park and Jefferson at Water Street. Reduced copies of certain of Defendants' infringing works virtually identical to James Harwick's copyrighted Raccoon Creek, Morgan Falls, Windward and Cool Springs works are attached as Plaintiff's Exhibits 17-20 to the Original Complaint. Through additional discovery, Plaintiff intends to obtain copies of the remaining infringing works.

24.     As a result of the activities of Defendants alleged herein, James Harwick has suffered substantial damages and Defendants have wrongfully acquired substantial profits.

25.     Pursuant to 17 U.S. C. § 504, James Harwick will advise the Court in due course and before final judgement whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

26.     The foregoing acts of Defendants have caused James Harwick irreparable harm. Unless enjoined, Defendants' acts as alleged herein will continue to cause James Harwick irreparable harm.

27.     Defendants' acts were done with actual or constructive knowledge of James Harwick's copyrights and constitute willful and malicious infringement of those rights.

COUNT II
FALSE DESIGNATION OF ORIGIN AND
FALSE REPRESENTATIONS IN COMMERCE

28.     James Harwick repeats and realleges the allegations of Paragraphs 1-27 as if fully set forth herein.

29.     James Harwick has expended and continues to expend a great amount of time and money to create and market original, copyrighted architectural designs, including the Jefferson Architectural Works and Jefferson Technical Plans, in interstate commerce, including the James

SECOND AMENDED COMPLAINT - Page 7

LRK 07972

Harwick Architectural Works and Technical Plans entitled "Jefferson at Raccoon Creek," "Jefferson at Morgan Falls," "Jefferson at Windward" and "Jefferson at Cool Springs."

30.     James Harwick has expended and continues to expend a great amount of time and money advertising and promoting its Jefferson Architectural Works and Jefferson Technical Plans in connection with its architectural services.  James Harwick continues to advertise and promote its Jefferson Architectural Works and Jefferson Technical Plans to the trade and the public.

31.     James Harwick's Jefferson Architectural Works and Jefferson Technical Plans have acquired a fine reputation because of their distinctive appearance and high quality and because of James Harwick's extensive advertising and marketing.

32.     As a result of the public recognition which James Harwick's Jefferson Architectural Works and Jefferson Technical Plans have achieved, the Jefferson Architectural Works and Jefferson Technical Plans have been and are recognized by the public and the trade as originating from a single source, namely James Harwick.

33.     On information and belief, by various acts, including selling architectural works and technical plans to the public which embody James Harwick's Jefferson Architectural Works and Jefferson Technical Plans, and to which James Harwick's trade name has been affixed, Defendants have sold architectural works and technical plans in commerce, which are reproductions, derivative works of, or copies of James Harwick's Jefferson Architectural Works and Jefferson Technical Plans.  Defendants' works embodying James Harwick's Jefferson Architectural Works and Jefferson Technical Plans are copies of the Jefferson Architectural Works and Jefferson Technical Plans and were not created or distributed by or under the authority of James Harwick.

SECOND AMENDED COMPLAINT - Page 8

LRk 07973

34. On information and belief, Defendants have falsely represented to the public and to the trade that the architectural works and technical plans they are selling, distributing and publicly displaying are Defendant Looney Ricks' architectural works and technical plans by removing James Harwick's copyright notice and displaying Defendant Looney Ricks' copyright notice thereon, when, in fact, such architectural works and technical plans were not created or authorized by James Harwick.

35. On information and belief, Defendants have willfully made false designations of origin and false representations in commerce by distributing, selling and publicly displaying unauthorized architectural works and technical plans embodying James Harwick's Copyrighted Works.

36. Defendants' sale, distribution and public display of the infringing architectural works and technical plans constitute the use of a false designation of origin and false representations in commerce in violation of 15 U.S.C. § 1125(a).

37. Defendants' unauthorized use of James Harwick's Jefferson Architectural Works and Jefferson Technical Plans has caused, and is certain to continue to cause, confusion and mistake, and to deceive, because consumers seeing Defendants' architectural works and technical plans with James Harwick's trade name thereon will conclude that Defendants' architectural works and technical plans are works created or otherwise authorized by James Harwick.

38. James Harwick has been and is likely to be damaged by such false designations or representations because the public has been deceived and because of the likelihood that the public will be further deceived as to the true source, sponsorship or affiliation of Defendants' architectural works and technical plans.

SECOND AMENDED COMPLAINT - Page 9

LRK 07974

39.     As a result of the activities of Defendants alleged herein, James Harwick has suffered substantial damages and Defendants have acquired substantial profits, at James Harwick's expense.

40.     The foregoing acts of Defendants have caused James Harwick irreparable harm. Unless the foregoing activities of Defendants are enjoined, James Harwick will have no adequate remedy at law.

COUNT III
COMMON LAW UNJUST ENRICHMENT

41.     James Harwick repeats and realleges the allegations of Paragraphs 1-40 as if fully set forth herein.

42.     On information and belief, Defendants have been unjustly enriched through the receipt of profits resulting from their use of Plaintiff's copyrighted Jefferson Architectural Works and Jefferson Technical Plans and their false representations to the public that unauthorized copies of James Harwick's copyrighted Jefferson Architectural Works and Jefferson Technical Plans are Defendants' architectural works and technical plans.

43.     By reason of the foregoing, Defendants have unjustly enriched themselves in an unknown amount, and James Harwick is entitled to just compensation under the common law of the State of Tennessee.

44.     On information and belief, Defendants' acts as alleged herein were intentional, willful and wanton, and were undertaken with the intent to injure James Harwick.

LRK 07975

COUNT IV
COMMON LAW UNFAIR COMPETITION

45.     James Harwick repeats and realleges the foregoing Paragraphs 1-44 as if fully set forth herein.

46.     The foregoing acts of Defendants constitute unfair competition, palming off, unjust enrichment and misappropriation of James Harwick's rights in that such acts permit, and will continue to permit, Defendants to use and benefit from the goodwill and reputation earned by James Harwick to obtain a ready customer acceptance for architectural works and technical plans offered by Defendants under Defendant Looney Ricks' trade name and with its copyright notice, on the basis of a reputation not established in Defendants' own right, and to give Defendants' architectural works and technical plans a salability they otherwise would not have, all at the expense of James Harwick.

47.     Defendants' continuing offer and sale of architectural works and technical plans constitute acts of unfair competition, palming off, unjust enrichment and misappropriation by Defendants against James Harwick, thereby causing James Harwick irreparable harm.

48.     As a result of the activities of Defendants alleged herein, James Harwick has suffered substantial damages and Defendants have acquired substantial profits, at James Harwick's expense.

49.     The foregoing acts of Defendants constitute unfair competition, palming off, unjust enrichment and misappropriation in violation of Tennessee common law.

WHEREFORE, PREMISES CONSIDERED, James Harwick prays for a judgment that:

A.      James Harwick's U.S. Copyright Reg. Nos. VA 721-176 through VA 721-178, VA 732-290 through VA 732-293, VA 775-421 and VA 775-422 are valid, that Defendants have

SECOND AMENDED COMPLAINT - Page 11

infringed those copyrights and Registrations, and that the acts of Defendants constitute willful infringement of James Harwick's copyrights under 17 U.S.C. § 504;

B.      Defendants have violated 15 U.S.C. § 1125(a) by reproducing, selling, distributing and publicly displaying Jefferson Architectural Works and Jefferson Technical Plans, removing James Harwick's copyright notice therefrom, applying Defendant Looney Ricks' copyright notice thereto, and that the acts of Defendants constitute willful infringement pursuant to 15 U.S.C. § 1117;

C.      Defendants have unfairly competed with James Harwick in violation of Tennessee common law;

D.      Defendants have unjustly enriched themselves in violation of Tennessee common law;

E.      Defendants, their officers, agents, servants, employees, attorneys and all persons acting in concert or participation with them who receive actual notice of the Order, be preliminarily enjoined during the pendency of this action, and thereafter permanently enjoined from:

(1)      Reproducing, copying, duplicating, distributing, advertising, offering for sale, selling or otherwise transferring ownership, renting, leasing, lending or publicly displaying any unauthorized architectural works or technical plans that are an unauthorized reproduction, copy or a colorable imitation of James Harwick's Copyrighted Works, or otherwise using any master, negative, reproduction, copy, in hard copy or magnetic form, to violate the copyrights or other exclusive rights of James Harwick;

SECOND AMENDED COMPLAINT - Page 12

LRk 07977

(2)    Constructing buildings using any unauthorized reproduction, copy or a colorable imitation of James Harwick's Copyrighted Works, or otherwise using any master, negative, reproduction, copy, in hard copy or magnetic form, to violate the copyrights or other exclusive rights of James Harwick;

(3)    Advertising, offering for sale, selling or distributing any reproduction, copy or colorable imitation of James Harwick's Jefferson Architectural Works and Jefferson Technical Plans bearing the trade name James Harwick or any copyright notice of James Harwick;

(4)    Selling or passing off, inducing or enabling others to sell or pass off any reproduction, copy or colorable imitation of James Harwick's Copyrighted Works or any colorable variation thereof;

(5)    Committing any acts calculated to cause purchasers to believe that any of Defendants' architectural works or technical plans are James Harwick's Jefferson Architectural Works or Jefferson Technical Plans, or are authorized by James Harwick, in whole or in part, unless they are entirely such;

(6)    Otherwise competing unfairly with James Harwick in any manner, including but not limited to, using false designations of origin or false or misleading descriptions of fact, which misrepresent the nature, characteristics or qualities of Defendants' architectural works, technical plans or commercial activities;

SECOND AMENDED COMPLAINT - Page 13

LRK 07978

(7)     Moving, removing, destroying, concealing, erasing, altering or tampering with:

(a)     Any and all unauthorized masters, negatives, reproductions or copies, in hard copy or magnetic form, or film embodying James Harwick's Copyrighted Works or the James Harwick trade name, any works substantially similar thereto or any other works by James Harwick;

(b)     Any and all materials, devices, machines, or equipment used to produce such unauthorized masters, negatives, reproductions, copies, in hard copy or magnetic form, or works embodying James Harwick's Copyrighted Works or the James Harwick trade name, any works substantially similar thereto or any other works by James Harwick, including paper and film copying machines, printing and photocopying machines and other materials which are in Defendants' possession, custody or control and which infringe, or are used to infringe, James Harwick's copyrights, exclusive rights or trade name rights;

(c)     Any and all records, data, compilations, books of account, invoices, receipts or other documents relating to the purchase, sale, copying, duplication, shipment, lease, rental, or distribution without James Harwick's authority, of any master, negative, reproduction, copy, in hard copy or magnetic form, embodying or infringing James Harwick's Copyrighted Works or the James Harwick trade name, any works substantially similar thereto, or any other works by James Harwick;

SECOND AMENDED COMPLAINT - Page 14

LRk 07979

(8)     Using any work embodying James Harwick's Copyrighted Works or the James Harwick trade name, any works substantially similar thereto, or any other works by James Harwick on or in connection with unauthorized copies in any manner which is likely to cause confusion, mistake or deception; and

(9)     Attempting, causing, or assisting any of the above-described acts;

F.     Defendants be ordered and directed to deliver, under oath, any and all unauthorized masters, negatives, reproductions, copies, in hard copy or magnetic form, or goods embodying James Harwick's Copyrighted Works or the James Harwick trade name, any works substantially similar thereto or any other works by James Harwick, to the possession of James Harwick, without concealing, destroying, or tampering with same in any way;

G.     Defendants be ordered and directed to deliver, under oath, any and all materials, devices, machines or equipment used to manufacture or produce such masters, negatives, reproductions, copies, in hard copy or magnetic form, or works embodying James Harwick's Copyrighted Works, any works substantially similar thereto or any other works by James Harwick, to the possession of James Harwick, without concealing, destroying, or tampering with same in any way;

H.     Defendants be required to account for and pay over to James Harwick all profits which Defendants have derived from the infringement of James Harwick's copyrights and other exclusive rights, and all damages James Harwick has suffered under the provisions of the Copyright Act, for the infringements of each copyright, or in the alternative, at James Harwick's election, that James Harwick be awarded statutory damages in the amount of up to one hundred thousand dollars ($100,000) for each work infringed;

SECOND AMENDED COMPLAINT - Page 15

LRk 07980

I.    Defendants be ordered to pay James Harwick damages for violations of James Harwick's rights under 15 U.S.C. § 1125(a), and that those damages be trebled as provided by 15 U.S.C. § 1117(a) on the grounds that Defendants' acts have been willful and wanton;

J.    Defendants be required to pay to James Harwick prejudgment interest on the amount awarded and post-judgment interest until paid, at a lawful rate;

K.    Defendants be required to file with the Court and serve on James Harwick within forty-five (45) days after service on Defendants of such injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

L.    Upon ten (10) days' notice for the next five (5) years, James Harwick be permitted to inspect and audit Defendants' inventory and all business records to determine compliance with the injunction issued by the Court;

M.    Defendants be required to pay to James Harwick its costs and attorneys' fees, as provided by the Copyright Act of 1976 and the Trademark Act of 1946;

N.    James Harwick be awarded punitive damages in an amount equal to ten (10) times its actual damages for common law unfair competition; and

0.    James Harwick have such other relief as the Court deems just and equitable.

SECOND AMENDED COMPLAINT - Page 16

LRk 07981

Respectfully submitted,

JAMES, HARWICK + PARTNERS, INC.


By  *Lisa H. Meyerhoff*

Lisa H. Meyerhoff
Texas Bar No. 14000255
WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas   75270-2199
(214) 745-5497 (Telephone)
(214) 745-5497 (Facsimile)

Herbert J. Hammond
Texas Bar No. 08858500
THOMPSON & KNIGHT, P.C.
1700 Pacific Avenue, Suite 3300
Dallas, Texas  75201
Telephone:    (214) 969-1700
Facsimile:    (214) 969-1751

William H. Haltom, Jr.
Tennessee Bar No. 6361
THOMASON, HENDRIX, HARVEY,
  JOHNSON & MITCHELL
Twenty-Ninth Floor
One Commerce Square
Memphis, Tennessee 38103
(901)525-8721 (Telephone)
(901)525-6722 (Facsimile)

ATTORNEYS FOR PLAINTIFF
JAMES HARWICK + PARTNERS, INC.

SECOND AMENDED COMPLAINT - Page 17

LRk 07982

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES, HARWICK + PARTNERS, INC., §
§
Plaintiff, §          Civil Action No.
§          95-3009 TU A
v. §
§
LOONEY RICKS KISS ARCHITECTS INC., §
and PAIGE C. CLOSE, §
§
Defendants. §

## ORDER

Came on before the Court Plaintiff James Harwick + Partners, Inc.'s Unopposed Motion for Leave to File Second Amended Complaint, and the Court finding that good cause has been shown, determines that the motion should be GRANTED.

Now, therefore, it is hereby ORDERED that:

Plaintiff's Second Amended Complaint be entered of record.

IT IS SO ORDERED.

Signed this_____ day of _____, 1996.

_____
United States District Judge

DA962620165
092096 v3
431-16722-B0003

LRk 07983

**EXHIBIT 3**

1

```
 1              UNITED STATES DISTRICT COURT
              WESTERN DIVISION OF LOUISIANA
 2                 SHREVEPORT DIVISION

 3    _____

 4    LOONEY RICKS KISS          )
      ARCHITECTS, INC.,          )
 5                               )
                                 )
 6         Plaintiff,            )
                                 )
 7    VS.                        )    NO. 5:07CV0572
                                 )
 8                               )
                                 )
 9    STEVE H. BRYAN, ET AL.,    )
                                 )
10                               )
           Defendants.           )
11    _____

12                      DEPOSITION

13                          OF

14                     FRANK RICKS

15                  March 5th, 2009

16

17

18

19

20                       COPY

21

22

23         ALPHA REPORTING CORPORATION
                236 Adams Avenue
24              Memphis, TN 38103
                  901-523-8974
25            www.alphareporting.com
```

1    were provided to me appeared to be a

2    complete litigation file.

3                    MR.  DARDEN:  I'm surprised

4    they had it at all.

5                    MR. ZUMMO:  It's roughly three

6    boxes, that standard storage box size.

7                    THE WITNESS:  Can you repeat

8    the question?

9    BY MR. DARDEN:

10       Q.    Is it your belief that this

11   document we're looking at that's Bates

12   numbered LRK 09245 through 09277 is a copy

13   of the settlement agreement entered into

14   between JHP and LRK?

15       A.    It appears to be so.

16       Q.    And you anticipate that you or

17   somebody on behalf of LRK signed this

18   agreement and we simply don't have a copy of

19   that signature page at this point?

20       A.    Yes.

21       Q.    Okay.  Look at Exhibit B beginning

22   on Page 09260, if you would, please.  And

23   there's 18 pages in this format.  Can you

24   tell me what the significance of this left-

25   hand column of what appears to be references

1    to LRK drawings and then, a right-hand

2    column of references to JHP drawings?  How

3    do those two columns relate to each other?

4         A.   The -- well, the left is for our

5    drawings on Vinings, Jefferson Vinings and

6    the one on the right for a project JHP had

7    done and this is a listing -- as I recall, a

8    listing of the documents that had -- that we

9    had used under our understanding of the

10   agreement we had with JHP, the ability to

11   use those as they existed as we received

12   from JHP.

13        Q.   Let me -- if you skip forward or

14   backwards, I guess, to 247 and take a second

15   to read to yourself that Paragraph 3.1, I'm

16   going to ask you a few questions about it.

17        A.   Just 3.1?

18        Q.   Yes, sir.

19        A.   Okay.

20        Q.   Is it your understanding that the

21   18 pages of listed drawings that we just

22   looked at is a listing on the left-hand side

23   of LRK drawings and on the right-hand side

24   is the identifier of a JHP drawing that

25   served as the source for the LRK drawings?

1    A.   Yes.

2    Q.   In this same paragraph, and I'll

3    read a section of it, LRK's entitled to

4    otherwise use as their own to the extent

5    allowed by architectural registration laws

6    those LRK drawings for...

7            What's your understanding of the

8    meaning of to the extent allowed by

9    architectural registration laws?

10   A.   The registration laws of each state

11   usually have specific language about how

12   drawings are prepared under the supervision

13   or direct responsible charting, different

14   terms by a licensed architect.  Some states

15   are more specific, a lot more specific than

16   others, so it varies about what that means.

17   Q.   Well, my understanding is this

18   Paragraph 3.1 is the clause in the

19   settlement agreement that wherein JHP

20   authorizes LRK to continue using LRK product

21   that was originally derived from JHP

22   product; is that correct?

23   A.   That's correct.

24   Q.   How would architectural

25   registration laws limit the way LRK could

1        Q.    And those LRK plans listed to the

2    left, you believe that they're LRK plans

3    that are derived from the corresponding

4    plans to the right on that document,

5    correct?

6        A.    Correct.

7        Q.    Did you take them or do you know if

8    Paige just took them and copied them or do

9    you know if he made new plans?

10       A.    We made new plans.

11       Q.    And it was based on your

12   understanding from Mr. James that you

13   thought you had a license to use those

14   plans, correct?

15       A.    That's correct.

16       Q.    Do you remember the date of that

17   conversation with Mr. James?

18       A.    I remember May the 3rd, '04 or '05.

19   I don't -- '4 -- no.  I'm drawing a blank.

20   It was right after Paige -- Paige started

21   April something, I believe.  Paige had been

22   here about four to six weeks when we had the

23   conversation with --

24       Q.    Then you testified Paige started in

25   1995 or did -- do you remember?

**EXHIBIT 4**

1

UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
SHREVEPORT DIVISION

LOONEY RICKS KISS ARCHITECTS, INC.,)
                        Plaintiffs,  )
Vs.                                  )   CIVIL ACTION NO.
                                     )     5:07CV0572
STEVE H. BRYAN, et al,               )
            Defendants.              )

ORAL DEPOSITION

OF

CARSON LOONEY

June 11, 2008

ORIGINAL

ALPHA REPORTING CORPORATION
Dianna L. Coleman, RPR-MS/CSR
236 Adams Avenue
Memphis, TN  38103
Www.alphareporting.com

18

```
 1      20 years.

 2      Q.    What's your understanding of who owns the

 3      copyrights of that rendering?

 4      A.    Mr. Hamilton's been a consultant of ours and

 5      LRK owns the copyrights to all work he produces.

 6      Q.    And what's the basis for your belief that

 7      LRK owns those copyrights?

 8      A.    Discussions with Phil Hamilton.

 9      Q.    Is there any written agreement regarding the

10      transfer of copyrights from Mr. Hamilton to LRK?

11      A.    I do not know of that but I know of a 20-

12      year relationship.

13      Q.    You do not know of any written agreement

14      between Mr. Hamilton and LRK; is that correct?

15      A.    Mr. Hamilton being a consultant of an

16      artistic nature I guess we view him differently

17      than an engineering consultant where we always have

18      written agreements.

19          So I'm not aware of any written agreement

20      with Mr. Hamilton.

21      Q.    Have you ever had discussions with Mr. Bryan

22      -- Steve Brian -- regarding the reuse of LRK's work

23      product on the Island Park project?

24      A.    No, sir.

25      Q.    Have you ever had discussions with anybody
```

**EXHIBIT 5**

1

1

2
UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
SHREVEPORT DIVISION

3

4

5
LOONEY RICKS KISS ARCHITECTS, INC.,)
                    Plaintiffs,   )

6
Vs.                               )   CIVIL ACTION NO.
                                  )   5:07CV0572

7
STEVE H. BRYAN, et al             )
                    Defendants.   )

8

9

10

11
ORAL DEPOSITION

12
OF

13
PAIGE CLOSE

14
June 10, 2008

15

16

17

18

19
ORIGINAL

20

21

22
ALPHA REPORTING CORPORATION
Dianna L. Coleman, RPR-MS/CSR

23
236 Adams Avenue
Memphis, TN  38103

24
Www.alphareporting.com

25

```
 1    that they have and we'll attempt to make sure that we

 2    have the correct year version that they've adopted.

 3        Q.   Guess you know to ask the right questions.  All

 4    right.  I guess I never followed through.  You came to

 5    LRK in 1995?

 6        A.   Yes.

 7        Q.   And you were already licensed at that point at

 8    least in Texas?

 9        A.   Yes.

10        Q.   Take me through your work experience with LRK and

11    your role in the company.  I mean yesterday, for

12    example, Mr. Sullivan at some point testified I think

13    that he became a principal and I don't think I've asked

14    you that line of questions.

15        A.   As a firm we've not been too hung-up on titles

16    but I think it's fair to say I was hired as a project

17    manager.

18             We had the opportunity to take on some

19    multi-family work and that evolved to where I became,

20    not officially by just known within the company as, kind

21    of director of the multi-family studio.

22        Q.   I'll interrupt you again.  This is a phrase I'm

23    unfamiliar with.  "Studio."  I think you said

24    residential studio, multi-family studio.  You're using

25    that word to define a type of work within the company?
```