UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LOONEY RICKS KISS ARCHITECTS, INC.   CIVIL ACTION NO. 07-0572

VERSUS   JUDGE HICKS

STEVE H. BRYAN, ET AL   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the court is a Motion to Compel (Doc. 235) filed by Steve Bryan and other Defendants. Defendants seek an order directing Plaintiff to produce an unredacted copy of a settlement agreement between Plaintiff and others (JHP and Paige Close) in connection with unrelated litigation.[1] Defendant represents that, in the prior case, JHP sued Plaintiff and Paige Close for copyright infringement relating to the alleged use by Plaintiff of architectural plans developed by JHP. Defendant contends that the amount paid by Plaintiff in the settlement, which Defendants describe as the upper limit on the value of a license for Plaintiff to use the disputed plans that were at issue in that case, is relevant because the plans at issue in this case are based, at least in part, on the JHP plans.

Plaintiff resists production of the unredacted settlement agreement arguing that there is no way to conclude that the amount of the settlement of a disputed lawsuit is admissible

---

[1] A the direction of the court during a status conference, a copy of the settlement agreement has already been produced to Defendants, but the settlement amount was allowed to be redacted. Doc. 149. The purpose of the motion to compel at issue now is for Defendants to learn the amount of the settlement.

evidence of the value of any particular part of the relief demanded in the lawsuit. Plaintiff further argues that Fed. R. Evid. 408 specifically prohibits admission of a settlement agreement when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount. Plaintiff also disputes Defendants' chain of connectivity of the sets of plans.[2]

Plaintiff's objections are overruled. While disputed by Plaintiff, the information set forth by Defendants suggests at least a link or nexus among the sets of plans so that information pertaining to settlement of the prior litigation is relevant to the claims and defenses asserted here. And while Plaintiff may be right that the amount of the settlement will not be admissible at trial pursuant to Rule 408, that determination is premature. The issue before the court is not the admissibility of the settlement amount, but the discoverability of the settlement amount. See Kiln Underwriting v. Jesuit High School, 2008 WL 4190991 (E.D. La. 2008)(settlement was discoverable, but court made no ruling on admissibility); Conopco v. Wein, 2007 WL 1040676 (S.D. N.Y. 2007)(Rule 408 only pertains to evidentiary issues at trial and does not control pretrial disclosure of settlement agreements).

Accordingly, Defendants' Motion to Compel (Doc. 235) is granted. Plaintiff is ordered to promptly produce an unredacted copy of the settlement agreement. The unredacted settlement agreement shall be marked and treated as "Confidential" pursuant to the terms of the existing protective order (Doc. 76).

---

[2] According to Defendants, Island Park (at issue here) was based in part on Jefferson on the River, which was based in part on Morgan Falls (at issue in the prior litigation).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE