UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

_____

## MEMORANDUM ORDER

Before this Court is a Motion for Summary Judgment [Record Document 312] filed on behalf of Defendants, Dial Equities, Inc., Grand Pointe-NE Partnership, and Key Associates, LLC, (collectively "Dial Defendants"). The Dial Defendants seek a judgment from this Court "(I) declaring that Cross-Defendants [Steve H. Bryan and Grande Pointe Apartments, LLC] owe indemnity and defense to each Dial [Defendant]; and (ii)granting each Dial [Defendant] the right to have their attorney fees and costs, including any damage award or settlement payment, paid by Cross-Defendants [Steve H. Bryan and Grande Pointe Apartments, LLC]." [Record Document 312 at 1].

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c)(2). The burden of proof in a summary judgment proceeding is on the party moving for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). If the motion is properly made, the non-movant "must set forth facts

showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

In the present matter, Steve H. Bryan and Grande Pointe Apartments, LLC have not filed an opposition to the Dial Defendants' Motion for Summary Judgment. On September 27, 2010, this Court issued a "Notice of Motion Setting" [Record Document 327] giving Steve H. Bryan and Grande Pointe Apartments, LLC fourteen (14) calendar days from September 27, 2010 to file an opposition to the Dial Defendants' Motion for Summary Judgment. They have not done so as of the drafting of this Order. Thus, because the material facts set forth by the Dial Defendants [Record Document 312-1] have not been controverted, there is no genuine issue of material fact for trial.

However, in an abundance of caution, this Court will review the uncontested indemnification agreement.

According to the Real Estate Sale Agreement, "the Agreement shall be governed and interpreted in accordance with the laws of the State in which the Property is located." [Record Document 312-5 at 11]. The Property is located in Louisiana. Id. at 1. The parties amended the Real Estate Sale Agreement but never changed the governing law of the agreement or the modified indemnification agreement that named the Looney Ricks Kiss lawsuit. Louisiana law states "[a] contract of indemnity is construed in accordance with the general rules governing contract interpretation." Abbott v. Equity Group, Inc., 2

F.3d 613, 626 (5th Cir.1993). "Agreements to indemnify are strictly construed and the party seeking to enforce such an agreement bears the burden of proof." Id. A contract is interpreted by determining the common intent of the parties. LA. CIV.CODE art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA. CIV.CODE art. 2046. A word that is susceptible to different meanings must be interpreted as "having the meaning that best conforms to the object of the contract." LA. CIV.CODE art. 2048. A provision of the contract must be interpreted in a manner that renders the provision effective, not ineffective. LA. CIV.CODE art. 2049. Each provision must be interpreted in light of the other provisions "so that each is given the meaning suggested by the contract as a whole." LA. CIV.CODE art. 2050. "A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties." LA. CIV.CODE art. 2053.

> The agreement specifically states that
>
>> [i]f the Purchaser does not so terminate the Agreement, but closes on the purchase of the Real Property as contemplated in the Agreement, then Seller and Steve Bryan, individually, shall indemnify, defend and hold Purchaser harmless from and against any and all losses, claims, damages and liabilities (including, without limitation, attorneys' reasonable fees and costs) that may arise out of the issues being litigated in the Suit. Notwithstanding any other provision to the contrary contained in this Agreement the indemnification provisions of this Section 3 shall specifically survive the termination of the Agreement and the consummation of the transactions contemplated in the Agreement, and shall not be subject to any period of duration.

[Record Document 312-6 at 2]. The indemnification agreement defines the pending

Page 3

litigation as:

> *Looney Ricks Kiss Architects, Inc. v. Steve H. Bryan, at al., No. 5:07-cv-0572, U.S. District Court, Western District of Louisiana*. Steve Bryan, Grande Pointe Apartments, LLC and others are defendants in this suit. Generally, this suit involves alleged copyright infringement regarding architectural plans for two projects of affiliates of Steve Bryan, namely Island Park Apartments, LLC and Grand Pointe Apartments, LLC. The liability insurers of the defendants have been notified and have hired counsel for defendants.

[Record Document 312-6 at 3].

This Court finds that the indemnification agreement is clear and unambiguous and it obligates Steve H. Bryan and Grande Pointe Apartments, LLC to indemnify the Dial Defendants. There is no genuine issue of material fact.

Therefore, **IT IS ORDERED** that Dial Equities, Inc., Grand Pointe-NE Partnership, and Key Associates, LLC 's Motion for Summary Judgment be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED,** that Cross-Defendants [Steve H. Bryan and Grande Pointe Apartments, LLC] owe indemnity and defense to each Dial [Defendant]; and

**IT IS FURTHER ORDERED,** that each Dial Defendant shall submit their proof of attorneys' fees and costs in this action through September 30, 2010, within thirty (30) days of this Order.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of November 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE