UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before this Court is a Motion for Partial Summary Judgment on Plaintiff's Entitlement to Recovery of Profits Based on Future Revenues under 17 U.S.C. § 504 filed by Defendants, Cypress Lake Owners and Island Park Owners ("the Apartment Owners") [Record Document 323][1]. The motion is opposed. See Record Document 363. For the reasons discussed herein, the Apartment Owners' Motion for Partial Summary Judgement is **DENIED**.

### FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

---

[1] Defendants Dial Equities, Inc., Grand Pointe–NE Limited Partnership and Key Associates, LLC ("the Dial Defendants") join the motion but have not filed any supporting briefs or evidence. See Record Document 315.

fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id., 477 U.S. at 322, 106 S. Ct. at 2552.  If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the motion is properly made, however, Rule 56 requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075,  Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant.  Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

## LAW AND ANALYSIS

The Apartment Owners argue that "LRK's effort to recover profits pursuant to 17 U.S.C. § 504 based on projected future revenues is not permitted by the Statute." [Record Document 323-3 at 8].

Through the course of this litigation, this Court has become very familiar with 17 U.S.C. § 504(b) which states:

> [t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b).  It may be this Court's civilian training, but the Court does not find a statutory expression limiting what type of temporal profits a copyright holder is entitled to from an infringer.  Instead the statute reads that the copyright holder is entitled to "any profits of the infringer that are attributable to the infringement."  17 U.S.C. § 504(b).  According to Webster's Third New International Dictionary (Unabridged) (1976), "any" is an adjective meaning "one or more indiscriminately from all those of a kind."  Words mean something in this instance.  Congress modified "profits" with the adjective "any" not "past," "present" or even "future."  This Court cannot agree with the Apartment Owners' interpretation that in 17 U.S.C. § 504(b) "any" is confined to "past" and "present" profits only.

However, this Court is governed by *stare decisis*.  This Court has reviewed the copyright jurisprudence in the Fifth Circuit and the country as a whole to seek guidance on whether or not "future" profits are considered part of "any profits" and has found no governing precedent or even strongly persuasive precedent directly on point.  The Court has found only two cases originating from the Fourth Circuit with *dicta* that the Court finds instructive on this point.  In Christopher Phelps & Associates, LLC v. Galloway the court stated:

> [d]amages at law will not remedy the continuing existence of Phelps & Associates' design in the Galloway house. Moreover, while the calculation of future damages and profits for each future sale might be possible, any such effort would entail a substantial amount of speculation and guesswork that renders the effort difficult or impossible in this case.

492 F.3d 532, 544 (4th Cir. 2007). Another panel of the Fourth Circuit similarly stated:

> This case does not require us to address questions regarding future revenue that Forbes received as a result of the use of the Walker photograph. Certainly it is true that "any profits of the infringer that are attributable to the infringement" under § 504(b) in the abstract will include not only profits from sales of the infringing item, at issue here, but also future revenue the publisher derives from the infringement. While it may be that some future advertisers or purchasers (through either subscriptions or newsstands) are moved to act as a result of the favorable impression that they receive from their viewing of the infringed item within the infringing work, Walker does not attempt to pursue this route to recovery, conceding the proof difficulty that such a calculation faces under the causation analysis of § 504(b).

Walker v. Forbes, Incorporated, 28 F.3d 409, 414 n.5 (4th Cir. 1994). Both of these panels make it clear that in the abstract future profits of infringers are available to copyright holders but in both of those cases the litigants did not present evidence on that issue of damages. Here, LRK has presented the expert testimony of Larry Steinberg which purports to lay out the future gross revenues of the infringing apartments. Therefore, this Court finds as a matter of law that copyright holders can pursue future profits; however, like all damages, the plaintiff has the burden of proving them. Summary judgment is not appropriate on this issue.

The Apartment Owners move in the alternative to have this "Court dismiss LRK's claim for the Apartment Owners' profits under 17 U.S.C. § 504 except to the extent that such profits are net of the amounts paid to acquire the apartments as well as of the

Apartment Owners' future expenses." [Record Document 323-1 at 1]. This Court refuses to rule on this alternative ground because it impinges upon the jury's purview to determine the amount of damages.

## CONCLUSION

The Court finds that Looney Ricks Kiss Architects, Inc. can pursue recovery of the infringer's profits based on future revenues under 17 U.S.C. § 504. As such, summary judgment on the Apartment Owners' motion is inappropriate. The Apartment Owners are free to present evidence at trial that the purchase price of the Apartments reflect the net present value of the future cash flows of those apartments[2] and it is up to the jury to decide whether the purchase price of the Apartments should be deducted from any damages award that pertains to future revenues.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment on Plaintiff's Entitlement to Recovery of Profits Based on Future Revenues under 17 U.S.C. § 504 filed by Defendants, Cypress Lake Owners and Island Park Owners ("the Apartment Owners") [Record Document 323][3] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 7th day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]See Fluorine On Call, Ltd. v. Fluorogas Ltd., 380 F.3d 849 (5th Cir. 2004).

[3]Defendants Dial Equities, Inc., Grand Pointe–NE Limited Partnership and Key Associates, LLC ("the Dial Defendants") join the motion but have not filed any supporting briefs or evidence. See Record Document 315.