UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before this Court is a Motion for Partial Summary Judgment on Plaintiff's Claim for Infringer's Profits Based on the Alleged Joint and Several Liability of Apartment Owners for the Bryan Defendants' Profits under 17 U.S.C. § 504 filed by Defendants, Cypress Lake Owners and Island Park Owners ("the Apartment Owners") [Record Document 319][1]. The motion is opposed. See Record Document 359. For the reasons discussed herein, the Apartment Owners' Motion for Partial Summary Judgement is **DENIED**.

### FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

---

[1] Defendants Dial Equities, Inc., Grand Pointe–NE Limited Partnership and Key Associates, LLC ("the Dial Defendants") join the motion but have not filed any supporting briefs or evidence. See Record Document 315.

fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56 requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

## LAW AND ANALYSIS

The Apartment Owners seek a ruling from this Court that they are not jointly and severally liable for the Bryan Defendants' profits attributable to the alleged infringement. [Record Document 319-2 at 1]. LRK argues "[t]his is a pure question of law and it cannot be applied to any defendants until the facts concerning their liability have been established

at trial." [Record Document 359 at 2]. They contend that partial summary judgment is not meant to deal with abstract questions of law. Id. at 4.

The Court has reviewed the scant jurisprudence in this circuit dealing with the joint and several liability of co-infringers. The cases in the Fifth Circuit that have addressed the issue in the context of copyright infringement have all uniformly repeated the general rule that all participants in copyright infringement are jointly and severally liable as tortfeasors; however, the context of those statements have all been in relation to an infringing corporation and corporate officer. See Red Giant, Inc. v. Molzan, Inc., 2009 WL 2242349, *5 (S.D. Tex. 2009), Metered Music, Inc. v. Powell Meredith Communications Co., 2005 WL 525224, *3 (N.D. Tex. 2005), Cooper v. Sony Music Entertainment Inc., 2002 WL 391693, *4 (S.D. Tex. 2002), Meadowgreen Music Co. v. Voice in the Wilderness Broadcasting, Inc., 789 F. Supp. 823, 826 (E.D. Tex. 1992), Kepner-Tregoe, Inc. v. Leadership Software, Inc., 1992 WL 281474, *6 (S.D. Tex. 1992), Fermata Intern. Melodies, Inc. v. Champions Golf Club, Inc., 712 F. Supp. 1257, 1261-62 (S.D. Tex. 1989). This is not the case before the Court, so this Court must look beyond this circuit for guidance.

This Court accepts the Fifth Circuit's admonition that the Second Circuit is "the *de facto* Copyright Court of the United States," Easter Seal Soc. for Crippled Children and Adults of Louisiana, Inc. v. Playboy Enter., 815 F.2d 323, 325 (5th Cir.1987). As such this Court also adopts the Second Circuit's approach:

> Section 504(b) was designed to serve the dual purposes of compensating a copyright owner for his actual losses and preventing infringers from unfairly benefiting from their

> wrongful acts. See H.R.Rep. No. 1476, supra. The section appears to require no departure from the rule prevailing under the predecessor provision that a co-infringer ordinarily may be held jointly liable only for the actual damages suffered by a plaintiff copyright holder, not for the illegal profits of his fellow infringers. See MCA, Inc. v. Wilson, 677 F.2d 180, 186 (2d Cir.1981); Sammons v. Colonial Press, Inc., 126 F.2d 341, 344-47 (1st Cir.1942). Exceptions to this general rule may be appropriate only where the infringement was not innocent or where the defendants "engaged in a partnership, joint venture, or similar enterprise." 3 M. Nimmer, Nimmer on Copyright § 12.04[C][3] . . .

Abeshouse v. Ultragrpahics, Inc., 754 F.2d 467, 472 (2d Cir. 1985).

In this instance, the Apartment Owners have not offered any competent summary judgment evidence to demonstrate that they were not partners with the Bryan Defendants. All that they state in their brief is that "[t]he Apartment Owners did not act as partners with the Bryan Defendants," which is insufficient to support a ruling on summary judgment. [Record Document 319-2 at 4].

As such, the present record before the Court has not been developed sufficiently to allow this Court to rule on the Apartment Owners and Dial Defendants' motion for partial summary judgment.

## CONCLUSION

The Court finds the summary judgment record has not been developed sufficiently to allow this Court to rule on whether or not the Apartment Owners or Dial Defendants were partners with the Bryan Defendants.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment on Plaintiff's Claim for Infringer's Profits Based on the Alleged Joint and Several Liability of Apartment Owners

for the Bryan Defendants' Profits under 17 U.S.C. § 504 filed by Defendants, Cypress Lake Owners and Island Park Owners ("the Apartment Owners") [Record Document 319][2] be and is hereby **DENIED**.

 **THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 7th day of December, 2010.

                S. MAURICE HICKS, JR.
                UNITED STATES DISTRICT JUDGE

---

[2] Defendants Dial Equities, Inc., Grand Pointe–NE Limited Partnership and Key Associates, LLC ("the Dial Defendants") join the motion but have not filed any supporting briefs or evidence. See Record Document 315.