UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion in Limine under Daubert to exclude the testimony of Roland Freeman and Tom Cook (Record Document 321) filed by Plaintiff, Looney Ricks Kiss Architects, Inc. ("LRK"). The Defendants oppose the motion. See Record Document 351. In their motion, LRK seeks to exclude the testimony of two of the Defendants', (because there are so many Defendants in this case, the Court shall simply refer to the "Defendants") experts, Roland Freeman ("Freeman") and Tom Cook ("Cook"), on the grounds their "opinions are not connected to any issue that will be relevant to this copyright infringement case," and they have "relied solely on hearsay information and ha[ve] failed to take into account factors relevant to the rental rates that [they have] calculated." (Record Document 321 at 2).

**Roland Freeman**

The admissibility of Freeman's expert testimony is governed by Federal Rule of Evidence 702[1] and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct.

---

[1]F.R.E. 702 states:

If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

2786 (1993). The function of this Court under Rule 702 and Daubert, and its progeny, is to serve as a gatekeeper and to ensure that any and all scientific testimony is not only relevant, but reliable. See Daubert, 509 U.S. 579, 113 S.Ct. 2786. Again, this gatekeeping function applies to not only scientific expert testimony, but rather all expert testimony. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (U.S. 1999). Under Rule 702, the Court is concerned with three main requirements: (1) qualifications; (2) reliability; and (3) relevance.

As to qualifications, the Court has reviewed the parties' briefs, Freeman's deposition, and Freeman's report dated October 2, 2009, and finds that Freeman is qualified to testify in the field of valuation. See Verzwyvelt v. St. Paul Fire & Marine Ins. Co., 175 F.Supp.2d 881, 887 (W.D. La. 2001) & Wilson v. Woods, 163 F.3d. 935, 937 (5th Cir. 1999). The record reflects that Freeman has had extensive experience as a developer. See Record Document 351-6 at 102. Freeman received a Bachelor of Science in Economics and Business Adminstration and completed "substantial work on [an] MBA at Marquette University" and has been President of Capital Consultants Realty Services since 1991. See Record Document 351-6 at 102. He has worked with apartment developers and developments since 1964. Id.

In determining reliability, this Court is charged with examining the process or

---

qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

technique used by Freeman in formulating his opinion and determining whether that process or technique is reliable.[2]  This Court wants to note from the outset that this is an extremely complex case and any assistance that can be rendered to the trier of fact should be.  Freeman's opinions as stated in his report satisfy the reliability requirement of Federal Rule of Evidence 702 and Daubert.

As to relevance, this Court, despite the strong arguments of LRK, finds that Freeman's testimony is sufficiently tied to the facts of this case and that it will aid the jury in understanding and resolving the factual disputes in this case.  See Daubert, 509 U.S. at 591, 113 S.Ct. at 2796 (1993).  Specifically, 17 U.S.C. § 504(b) states that an infringer "is required to prove his or her deductible expenses *and the elements of profit attributable to factors other than the copyrighted work*."  17 U.S.C. § 504(b) (emphasis added).  The Defendants are attempting to use Freeman's testimony to demonstrate that all of their profit is not attributable to the infringement.  Therefore, this Court finds that Freeman's testimony is relevant in determining damages.

The Court finds that LRK has not demonstrated that the "factual basis, data, principles, methods, or their application" underlying Freeman's proposed testimony has been "called sufficiently into question" under Rule 702.  Kumho Tire Co., Ltd., 526 U.S. at 149, 119 S.Ct. at 1175.  Instead, the Court finds that Freeman's testimony, as a whole, has a sufficiently reliable basis in the knowledge and experience of the relevant discipline.  See

---

[2]The Court notes that Freeman's expert report reflects that he reviewed a great deal of documentation relating to the present litigation and "spent four days in the field, visiting each of the subject properties and all the listed competitors in Shreveport, Lafayette and Baton Rouge."  See Record Document 351-6 at 45-48.

id. Freeman's expert testimony will be subjected to vigorous cross-examination and, presumably, the presentation of contrary evidence. See Daubert, 509 U.S. at 596, 113 S.Ct. at 2798 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment . . . ."). Thus, the Court concludes that Freeman's qualifications and the reliability and relevance of his proposed expert testimony stand on the showing made in the record.

**Tom Cook**

The admissibility of Cook's expert testimony is governed by Federal Rule of Evidence 702[3] and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993). The function of this Court under Rule 702 and Daubert, and its progeny, is to serve as a gatekeeper and to ensure that any and all scientific testimony is not only relevant, but reliable. See Daubert, 509 U.S. 579, 113 S.Ct. 2786. Again, this gatekeeping

---

[3]F.R.E. 702 states:

If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

function applies to not only scientific expert testimony, but rather all expert testimony. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (U.S. 1999). Under Rule 702, the Court is concerned with three main requirements: (1) qualifications; (2) reliability; and (3) relevance.

As to qualifications, the Court has reviewed the parties' briefs, Cook's deposition, and Cook's report dated July 30, 2009 and August 31, 2009, and finds that Cook is qualified to testify in the field of valuation. See Verzwyvelt v. St. Paul Fire & Marine Ins. Co., 175 F.Supp.2d 881, 887 (W.D. La. 2001) & Wilson v. Woods, 163 F.3d. 935, 937 (5th Cir. 1999). The record reflects that Cook has had extensive experience as a Real Estate Appraiser. See Record Document 351-1 at 2. Cook received a Bachelor of Science in 1980, became a Member of the Appraisal Institute in 1989 and has been President/Founder of his own valuation firm, Cook, Moore & Associates, since 1989. See Record Document 351-2 at 31.

In determining reliability, this Court is charged with examining the process or technique used by Cook in formulating his opinion and determining whether that process or technique is reliable.[4] According to his expert report dated August 31, 2009, he was hired to provide an opinion as to "how a particular design for an apartment project might influence the income generated by that project and ultimately its market value." (Record Document 351-2 at 9). This Court notes from the outset that this is an extremely complex

---

[4]The Court notes that Cook's expert report reflects that he studied the apartment complex markets for Shreveport, Baton Rouge and Lafayette to determine what characteristics impact the income generation of apartment complexes. See Record Document 351-2 at 9-27.

case and any assistance that can be rendered to the trier of fact should be. Cook's opinions as stated in his report satisfy the reliability requirement of Federal Rule of Evidence 702 and Daubert.

As to relevance, this Court, despite the strong arguments of LRK, find that Cook's testimony is sufficiently tied to the facts of this case and that it will aid the jury in understanding and resolving the factual disputes in this case. See Daubert, 509 U.S. at 591, 113 S.Ct. at 2796 (1993). Specifically, 17 U.S.C. § 504(b) states that an infringer "is required to prove his or her deductible expenses *and the elements of profit attributable to factors other than the copyrighted work*." 17 U.S.C. § 504(b) (emphasis added). The Defendants are attempting to use Cook's testimony to demonstrate that all of their profit is not attributable to the infringement. Therefore, this Court finds that Cook's testimony is relevant in determining damages.

The Court finds that LRK has not demonstrated that the "factual basis, data, principles, methods, or their application" underlying Cook's proposed testimony has been "called sufficiently into question" under Rule 702. Kumho Tire Co., Ltd., 526 U.S. at 149, 119 S.Ct. at 1175. Instead, the Court finds that Cook's testimony, as a whole, has a sufficiently reliable basis in the knowledge and experience of the relevant discipline. See id. Cook's expert testimony will be subjected to vigorous cross-examination and, presumably, the presentation of contrary evidence. See Daubert, 509 U.S. at 596, 113 S.Ct. at 2798 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Additionally, in the event the trial court concludes that the

scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment . . . ."). Thus, the Court concludes that Cook's qualifications and the reliability and relevance of his proposed expert testimony stand on the showing made in the record.

Accordingly,

**IT IS ORDERED** that the Motion in Limine under <u>Daubert</u> to exclude the testimony of Roland Freeman and Tom Cook (Record Document 321) filed by Plaintiff, Looney Ricks Kiss Architects, Inc. ("LRK") be and is hereby **DENIED**.[5]

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The Court would like to note that the proposed testimony of these two experts appears to be redundant. At the time of the pretrial conference, the Defendants will be asked to designate which expert they wish to testify.