UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion in Limine to exclude certain testimony of Stewart Slack (Record Document 324) filed by Defendants, Steve Bryan; Bryan Investments, LLC; Bryan Construction Company, Inc.; The Bryan Company; CLA, LLC; Island Park Apartments, LLC; Cypress Lake Development, LLC; Island Park Development, LLC; Grand Pointe Apartments, LLC, and Riverside Bluffs, Inc. ("the Bryan Defendants"). In their motion, the Bryan Defendants seek to exclude certain testimony of one of Plaintiff's, Looney Ricks Kiss Architects, Inc. ("LRK"), experts, Stewart Slack ("Slack"), on the grounds that the testimony that they seek stricken is not relevant or in the alternative that it would violate Fed. R. Evidence 403. LRK opposes the motion. See Record Document 343. The Bryan Defendants lay out in their Motion in Limine (Record Document 324-1 at 6) exactly what opinions expressed by Slack they oppose:

> Bryan's suggestion that he had the "right" to reuse the plans because employees of his company "co-authored" the plans is absurd. First, to "co-author,"the employees would have to be a registered architect and would have had to have co-authored the complete set of contract documents, not simply adjustments to the plans. My experience as a real estate developer and architect suggests that the employees appear to have done no more than any involved owner, and is typical

>of most developers. **Rule 5.301:** "Members shall recognize and respect the professional contributions of their employees, employers, professional colleagues, and business associates."
>
>Bryan's assertion that he had the implied consent of LRK by their failure to respond to his request is unreasonable and contrary to good practice by a developer, contractor or owner. His own experience should have led him to a different conclusion. Signing contracts with specific provisions relating to document ownership, but claiming disagreement after the fact is on the surface not smart, but also not particularly relevant. The contract clearly described the rights and responsibilities of all the parties involved.
>
>Both the developer (Bryan) and the architect (Hill), displayed poor judgment and wanton disregard for their professional and ethical Conduct.
>
>It is regretful that both parties participated in this deception compromising reputations and injuring others unnecessarily.

(Record Document 342-2 at 68).

The admissibility of Slack's expert testimony is governed by Federal Rule of Evidence 702[1] and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc</u>., 509 U.S. 579, 113 S.Ct. 2786 (1993). The function of this Court under Rule 702 and <u>Daubert</u>, and its progeny, is to serve as a gatekeeper and to ensure that any and all scientific testimony is not only relevant, but reliable. See <u>Daubert</u>, 509 U.S. 579, 113 S.Ct. 2786. Again, this gatekeeping

---

[1]F.R.E. 702 states:

If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

function applies to not only scientific expert testimony, but rather all expert testimony. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (U.S. 1999). Under Rule 702, the Court is concerned with three main requirements: (1) qualifications; (2) reliability; and (3) relevance.

At the onset, this Court notes that Stewart Slack has previously been qualified as an expert in this Court. As to qualifications, the Court has reviewed the parties' briefs, Slack's deposition, and Slack's letter dated March 27, 2009, and finds that Slack is qualified to testify in the field of architecture. See Verzwyvelt v. St. Paul Fire & Marine Ins. Co., 175 F.Supp.2d 881, 887 (W.D. La. 2001) & Wilson v. Woods, 163 F.3d. 935, 937 (5th Cir. 1999). The record reflects that Slack has had extensive experience in architecture and real estate development. See Record Document 342-2 at 64. Slack received his Bachelor of Architecture in 1979 and has been working as a principal in Slack Alost Architects since 1985. See id. He is a licensed architect in five states. Id. at 14. The Bryan Defendants strenuously argue that Slack is not qualified to opine on the issues of "co-authoring" and professional conduct of the parties which are contained in his expert report. This Court disagrees. Slack has been a licensed and practicing architect with substantial experience for over 28 years and thus is properly positioned to offer testimony on the practices between architects and owners in the industry.

In determining reliability, this Court is charged with examining the process or technique used by Slack in formulating his opinion and determining whether that process

or technique is reliable.[2]  Slack's opinions as stated in his report clearly satisfy the reliability requirement of Federal Rule of Evidence 702 and Daubert.

As to relevance, this Court disagrees with the Bryan Defendants and finds that Slack's testimony is sufficiently tied to the facts of this case and that it will aid the jury in understanding and resolving the factual disputes in this case.  See Daubert, 509 U.S. at 591, 113 S.Ct. at 2796 (1993).

The Court finds that the Bryan Defendants have failed to demonstrate that the "factual basis, data, principles, methods, or their application" underlying Slack's proposed testimony has been "called sufficiently into question" under Rule 702.  Kumho Tire Co., Ltd., 526 U.S. at 149, 119 S.Ct. at 1175.  Instead, the Court finds that Slack's testimony, as a whole, has a sufficiently reliable basis in the knowledge and experience of the relevant discipline.  See id.  Slack's expert testimony presumably will be subjected to vigorous cross-examination and, presumably, the presentation of contrary expert opinion evidence.  See Daubert, 509 U.S. at 596, 113 S.Ct. at 2798.  "As the Court in Daubert makes clear, however, the trial court's role as a gatekeeper is not intended to serve as a replacement for the adversary system . . . ."  United States v. 14.38 Acres of Land, Sit. In Leflore City, MS, 80 F.3d 1074, 1078 (5th Cir. 1996).  Thus, the Court concludes that Slack's qualifications and the reliability and relevance of his proposed expert testimony stand on

---

[2]The Court notes that Slack's expert report reflects that he "reviewed documents and drawings related to case of Looney Ricks Kiss Architects, Inc. vs. Steve H. Bryan, et.al." Specifically he reviewed "the deposition of Steve H. Bryan (7-9-08); Stephen G. Hill (7-9-08) and reviewed drawings for Cypress Lake Apartment Community, Baton Rouge; Island Park Apartment Community, Shreveport; Grand Point Apartment Community, Lafayette and Island Park Apartment Commuity, Memphis, TN." See Record Document 324-2.

the showing made in the record.

In addition the Bryan Defendants seek to exclude the proposed testimony on the grounds that it violates Fed. R. Evid. 403. Fed. R. Evid. 403 states "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." "Relevant evidence is inherently prejudicial; but it is only [u]nfair prejudice, [s]ubstantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979). The Court finds that the opinions expressed by Slack are indeed probative and are neither unfairly prejudicial nor confusing or misleading.

Accordingly,

**IT IS ORDERED** that the Motion in Limine to exclude certain testimony of Stewart Slack (Record Document 324) filed by Defendants, Steve Bryan; Bryan Investments, LLC; Bryan Construction Company, Inc.; The Bryan Company; CLA, LLC; Island Park Apartments, LLC; Cypress Lake Development, LLC; Island Park Development, LLC; Grand Pointe Apartments, LLC, and Riverside Bluffs, Inc. ("the Bryan Defendants") be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE