UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion in Limine under Daubert to exclude the testimony of Clarence Babineaux (Record Document 321) filed by Plaintiff, Looney Ricks Kiss Architects, Inc. ("LRK"). The Defendants oppose the motion. See Record Document 355. In their motion, LRK seeks to exclude the testimony of one of the Defendants', (because there are so many Defendants in this case, the Court shall simply refer to the "Defendants") experts, Clarence Babineaux ("Babineaux"), on the grounds that Babineaux "has formed subjective opinions without reference to the appropriate standards for a copyright infringement case," "has also relied solely on materials provided to him by defendants and has done no independent research or investigation," and "has utilitzed a methodology that he has developed solely for this case and that he has never used, for litigation or non-litigation purposes in the past." (Record Document 321 at 2).

The admissibility of Babineaux's expert testimony is governed by Federal Rule of Evidence 702[1] and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct.

---

[1]F.R.E. 702 states:

If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

2786 (1993). The function of this Court under Rule 702 and Daubert, and its progeny, is to serve as a gatekeeper and to ensure that any and all scientific testimony is not only relevant, but reliable. See Daubert, 509 U.S. 579, 113 S.Ct. 2786. Again, this gatekeeping function applies to not only scientific expert testimony, but rather all expert testimony. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (U.S. 1999). Under Rule 702, the Court is concerned with three main requirements: (1) qualifications; (2) reliability; and (3) relevance.

As to qualifications, the Court has reviewed the parties' briefs, Babineaux's deposition, and Babineaux's affidavit/report dated June 24, 2009, and finds that Babineaux is qualified to testify in the field of architecture. See Verzwyvelt v. St. Paul Fire & Marine Ins. Co., 175 F.Supp.2d 881, 887 (W.D. La. 2001) & Wilson v. Woods, 163 F.3d. 935, 937 (5th Cir. 1999). The record reflects that Babineaux has had extensive experience in architecture, specifically the design of multifamily projects. See Record Document 355-2 at 33 and Record Document 355-1 at 29. Babineaux received his Bachelor of Architecture in 1979 and has been working as a partner in SGB Architects, LLC since 1991. See Record Document 355-2 at 33. He has been in the constant practice of architecture since he graduated in 1979. Id. The Court notes Babineaux's lack of experience as an expert witness; however, Babineaux has been a licensed architect for over 28 years and thus is

---

qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

positioned to offer testimony on architectural design.

In determining reliability, this Court is charged with examining the process or technique used by Babineaux in formulating his opinion and determining whether that process or technique is reliable.[2]  This Court's review of LRK's motion suggest that their strongest arguments go towards the reliablity of Babineaux's techniques in determining if LRK copied their plans from another architect.  Babineaux admitted and demonstrated during his deposition that he used a "bubble map" to determine if any copying took place.  See Record Document 321-7.  While the Court is not particularly impressed with his "bubble map," this Court wants to note from the outset that this is an extremely complex case and any assistance that can be rendered to the trier of fact should be.  In this circuit, "the question of substantial similarity is typically left to the fact finders' own impressions.  Thus, a court could reasonably conclude that the views of persons not on the jury and not qualified to give an expert opinion on substantial similarity should not be admitted." Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 378 (5th Cir. 2004); see also Bridgmon v. Array Sys. Corp., 325 F.3d 572, 577 (5th Cir. 2003) ("a determination of substantial similarity should typically be left to the fact-finder ....") (quoting King v. Ames, 179 F.3d 370, 375-376 (5th Cir.1999)).  The Court recognizes that the issue before the jury in this case will be originality.  Nevertheless, this Court finds the reasoning from Positive Black Talk to be persuasive.  Any weaknesses in Babineaux's expert opinion can be brought out in a vigorous cross-examination.  Babineaux's opinions as stated in his report

---

[2]The Court notes that Babineaux's affidavit reflects that he reviewed several drawing sheets in connection with Jefferson At Morgan Falls, Island Park, Memphis and various LRK drawings.  See Record Document 355-2 at 37.

satisfy the reliability requirement of Federal Rule of Evidence 702 and Daubert.

As to relevance, this Court finds that Babineaux's testimony is sufficiently tied to the facts of this case and that it will aid the jury in understanding and resolving the factual disputes in this case.  See Daubert, 509 U.S. at 591, 113 S.Ct. at 2796 (1993).

The Court finds that LRK has failed to demonstrate that the "factual basis, data, principles, methods, or their application" underlying Babineaux's proposed testimony has been "called sufficiently into question" under Rule 702.  Kumho Tire Co., Ltd., 526 U.S. at 149, 119 S.Ct. at 1175.  Instead, the Court finds that Babineaux's testimony, as a whole, has a sufficiently reliable basis in the knowledge and experience of the relevant discipline. See id.  Babineaux's expert testimony will be subjected to vigorous cross-examination and, presumably, the presentation of contrary evidence.  See Daubert, 509 U.S. at 596, 113 S.Ct. at 2798 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.  Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to

direct a judgment . . . ."). Thus, the Court concludes that Babineaux's qualifications and the reliability and relevance of his proposed expert testimony stand, at least for now, on the showing made in the record.

Accordingly,

**IT IS ORDERED** that the Motion in Limine under <u>Daubert</u> to exclude the testimony of Clarence Babineaux (Record Document 321) filed by Plaintiff, Looney Ricks Kiss Architects, Inc. ("LRK") be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE