UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before this Court is a Motion for Partial Summary Judgment Regarding Liability of the Cypress Lake Owners and Island Park Owners filed by Defendants, Cypress Lake Owners and Island Park Owners. ("the Apartment Owners") [Record Document 309] and a Motion for Summary Judgment of No Infringement filed by Defendants, Dial Equities, Inc., Grande Pointe–NE Limited Partnership and Key Associates, LLC ("the Dial Defendants") [Record Document 314]. For the reasons discussed herein, the Apartment Owners' Motion for Partial Summary Judgment is **DENIED IN PART** and **GRANTED IN PART** and the Dial Defendants' Motion for Summary Judgement is **DENIED IN PART** and **GRANTED IN PART**.

### FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

In their motion for partial summary judgment, the Apartment Owners argue that the following claims should be dismissed with prejudice:

- Direct infringement based on the rental of the Island Park Apartments in Shreveport (hereinafter the

> "Shreveport Apartments") and Cypress Lake Apartments in Baton Rouge (hereinafter the "Baton Rouge Apartments");
> - Indirect infringement based on "the creation, use, rental, sale and/or publication of the structures and/or the associated design and construction drawings;" and
> - Indirect infringement based on the rentals of the Shreveport and Baton Rouge Apartments.

[Record Document 309 at 2]. The Dial Defendants seek a finding from this Court that none

> . . . of the Dial Defendants copied Plaintiff's copyrighted Architectural Works or Technical Drawings for the Grand Pointe Apartments. More specifically, none of the Dial Defendants were involved in designing or constructing the Grand Pointe Apartments, and since the purchase of the Grand Pointe Apartments, none of the Dial Defendants have created or published a non-pictorial representation of the Grand Pointe Apartments that infringes either of Plaintiff's copyrighted work. Further, the act of purchasing the Grand Pointe Apartments is not an act of infringement at least because it did not deprive Plaintiff of an exclusive right granted to it by the Copyright Act.
> Alternatively, Plaintiff alleged that Key and Dial Inc. are vicariously liable for the allegedly infringing conduct of Grand Pointe–NE. To prevail on this theory of liability, Plaintiff has to prove by a preponderance of the credible evidence that Grand Pointe–NE directly infringed one or both of the Plaintiff's copyrighted works; that Key/Dial Inc. supervised and controlled Grand Pointe–NE's infringing conduct; and that Key/Dial directly and financially benefitted from Grand Pointe–NE's infringement. At least because Plaintiff cannot prove that Grand Point–NE has directly infringed the Plaintiff's copyrighted works, Plaintiff's claim of vicariously liability must also fail as a matter of law.

[Record Document 314-2 at 7-8].

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56 requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

## LAW AND ANALYSIS

According to 17 U.S.C. § 106:

> the owner of copyright under this title has the exclusive rights
> to do and to authorize any of the following:

>(1) to reproduce the copyrighted work in copies or phonorecords;
>
>(2) to prepare derivative works based upon the copyrighted work;
>
>(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
>
>(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
>
>(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
>
>(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. The only limitations on the scope of rights of a copyright holder of an architectural work is found at 17 U.S.C. § 120:

>(a) Pictorial representations permitted.--The copyright in an architectural work that has been constructed does not include the right to prevent the making, distributing, or public display of pictures, paintings, photographs, or other pictorial representations of the work, if the building in which the work is embodied is located in or ordinarily visible from a public place.
>
>(b) Alterations to and destruction of buildings.--Notwithstanding the provisions of section 106(2), the owners of a building embodying an architectural work may, without the consent of the author or copyright owner of the architectural work, make or authorize the making of alterations to such building, and destroy or authorize the destruction of such building.

17 U.S.C. § 120.

**Direct Infringement**

For LRK to prevail on its claim of copyright infringement, it must show (1) ownership of a valid copyright and (2) unauthorized copying. See Peel & Co., Inc. v. The Rug Market, 238 F.3d 391, 394 (5th Cir.2001).

Copyright protection is available for original works of authorship in the following categories: (1) literary works; (2) musical works, including any accompanying words; (3) dramatic works, including any accompanying music; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6) motion pictures and other audiovisual works; (7) sound recordings; and (8) architectural works. 17 U.S.C. § 102(a). An architectural work is:

> the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.

17 U.S.C. § 101. Thus, copyright protection for an architectural work may encompass both architectural plans and constructed buildings. T-Peg, Inc. v. Vermont Timber Works, Inc., 459 F.3d 97, 109-10 (1st Cir.2006); Guillot-Vogt Assoc., Inc. v. Holly & Smith, 848 F.Supp. 682, 686-87 (E.D.La.1994).

The Apartment Owners argue in their Motion for Partial Summary Judgment that "the rental of the Baton Rouge and Shreveport Apartments does not directly infringe Plaintiff's copyright in the architectural works." [Record Document 309-3 at 7-11]. Similarly, the Dial Defendants contend that they "have not infringed and are not liable for infringement of Plaintiff's copyrighted works." [Record Document 314-2 at 13]. The Dial

Defendants' motion focuses on arguing that LRK has failed to present sufficient evidence that the Dial Defendants actually copied any of LRK's allegedly copyrighted works, published any non-pictorial representations of the Grand-Pointe Apartments and that the mere act of purchasing an infringing structure is not a direct infringement.

In regards to whether each rental of the apartments by the Apartment Owners and the Dial Defendants is an individual act of infringement, this Court is left with little guidance. This Court has reviewed the jurisprudence around the country and found that there are many cases that focus on the damages issue but fail to explicitly hold if the renting or leasing of infringing structures constitutes an act of infringement. See Bonner v. Dawson, 404 F.3d 290 (4th Cir. 2005). The Apartment Owners and the Dial Defendants argue strenuously that holders of copyrights of architectural works cannot avail themselves of all of the exclusive rights contained in 17 U.S.C. § 106. Namely, they argue that the right of distribution contained in 17 U.S.C. § 106(3) does not pertain to architectural works copyrights. This Court disagrees. Congress was well aware of how to limit the rights of architectural works copyright holders when they enacted 17 U.S.C. § 120 which limited the exclusive rights of architectural works copyright holders to not include protection for pictorial representations of their work. This Court has reviewed the Copyright Act and found no such limitation on the distribution rights.

Therefore, as a matter of law, this Court finds that holders of architectural copyrights have the exclusive distribution rights of their architectural works. In this instance, this Court finds as a matter of law that under these circumstances in this case the Apartment Owners and the Dial Defendants could be susceptible for claims of direct infringement for each rental of the apartments that they own.

Additionally, the Dial Defendants go further and argue that they did not directly infringe through producing any advertisements for the Grand Pointe Apartments. Specifically, they argue that "the creation of one or more floor plans from an individual apartment unit in the Grand Pointe Apartments, and the subsequent publication of such floor plan, is not copyright infringement of Plaintiff's Technical Drawing or Architectural Work Copyright." [Record Document 314-2 at 15]. This Court agrees that LRK has not yet presented sufficient evidence to demonstrate that the Dial Defendants created and published non-pictorial representations of Grand Pointe Apartments as it pertains to Exhibits P, Q, and R. [Record Document 358-18, 358-19 and 358-20].

Through the course of discovery, the Dial Defendants turned over three brochures and one internet listing that advertised the Grand Pointe Apartments. The three brochures [Exhibits P, Q, and R] all had the Bryan Company's contact information on them. These brochures, while provided by the Dial Defendants through the course of discovery, do not prove or create a fact issue that the Dial Defendants created and published those non-pictorial representations of Grand Pointe Apartments. It seems unlikely that the Dial Defendants would advertise the Grand Pointe Apartments with another company's contact information.

However, LRK has created a fact issue as it pertains to Exhibit S. [Record Document 358-21]. Exhibit S is an internet listing from http://www.bestapartmentsinlafeyette.com dated August 26, 2009. This listing contains several drawings of the various apartment floor plans. The Dial Defendants in their Reply argue strenuously that they did not post these images or this listing. See Record Document 385. Nevertheless, this Court finds that a genuine issue of material fact exists

as to whether or not the Dial Defendants provided this website with the floor plans to help market the Grand Pointe Apartments. As such, summary judgment is precluded on this issue.

Finally, the Dial Defendants argue that "Grand Pointe–NE cannot be liable for purchasing the Grand Pointe Apartments, even if the building is later found to infringe Plaintiff's copyrights." Record Document 314-2 at 16. LRK does not address this issue in its opposition. This Court has reviewed the Second Supplemental Complaint and cannot find a claim against the Dial Defendants on those grounds. See Record Document 155. Therefore, no ruling from this Court is necessary on this issue.

**Vicarious infringement**[1]

According to the United States Supreme Court, "[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005). There are two elements to a successful claim of vicarious copyright infringement: (1) "the right and ability to supervise the infringing conduct" and (2) "'an obvious and direct financial interest in the exploitation of copyrighted materials.'" 3-12 Nimmer on Copyright § 12.04[A][2] (quoting Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir.1963)). "A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity and 'has the right and ability to supervise' the

---

[1] LRK states in their opposition that they are not claiming that the Defendants are liable for contributory negligence and as such this Court will not consider this ground for potential liability. See Record Document 358 at 28 n.8.

infringing activity." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir.2004) (quoting A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1022 (9th Cir.2001)).

"When a widely shared service or product is used to commit infringement, it may be impossible to enforce rights in the protected work effectively against all direct infringers, the only practical alternative being to go against the distributor of the copying device for secondary liability on a theory of contributory or vicarious liability." Metro-Goldwyn-Mayer Studios Inc., 545 U.S. at 930. Under the circumstances of this case, this Court cannot imagine a set of facts that would allow a Plaintiff to pursue direct infringement claims and indirect infringement claims. As this Court has held, the facts of this case leave the Apartment Owners and the Dial Defendants susceptible to a claim for direct infringement. The Ellison court's holding most clearly illustrates this conceptual hurdle that Plaintiff's face when that court defines vicarious liability as resulting from "another's infringing activity." 357 F.3d at 1076. The Apartment Owners and the Dial Defendants own the apartments in question and thus are not benefitting from another's activity. The Supreme Court's reasoning in Metro-Goldwyn-Mayer Studios Inc. supports this analytical framework by characterizing vicarious liability as an *alternative* cause of action when the direct infringers cannot be brought before a court. This is not the case before the Court. From this Court's interpretation of the scant jurisprudence it seems apparent that both of these claims are unavailable in the same case, i.e. where a direct infringer is already before the court.

As a result of this Court's holding on the issue of direct infringement by the Apartment Owners and the Dial Defendants, this Court is compelled to find as a matter of law that LRK cannot pursue its claims for vicarious infringement. Since there are no issues

of material fact, the Apartment Owners and the Dial Defendants are entitled to summary judgment on this issue.

**Injunction**

According to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "Architectural works enjoy the same panoply of protection as other copyrightable works." 1-1 Nimmer on Copyright § 2.20[D]. This Court acknowledges that the legislative history to the Architectural Works Copyright Protection Act of 1990 suggests a hesitation on the part of some members of Congress to extend injunctive relief to holders of copyrights on architectural works; however, these purported reservations never materialized as an amendment in the final bill. As such, this Court is governed by the legislation passed by Congress. That legislation grants the holder of a copyright of an architectural work the ability to seek an injunction from a court. Therefore, as a matter of law, this Court finds that LRK can seek injunctive relief if their claim for copyright infringement is successful.

The Apartment Owners' motion for partial summary judgment is premature in the regard that it asks this Court to find that "even if the Apartment Owners are found to have infringed Plaintiff's copyright, enjoining future sales or rentals by the Apartment Owners would be an inappropriate remedy." [Record Document 309 at 17]. At this time, this Court declines to make a factual finding about the appropriateness of this remedy until all evidence has been presented and heard. Accordingly, there is a genuine issue of material fact and summary judgment is inappropriate at this time.

## CONCLUSION

The Court finds there are genuine issues of material fact as to the Issue of Direct Infringement by the Apartment Owners and the Dial Defendants and issues of material fact as to the Issue of an Issuance of an Injunction if Liability is proved at trial, but the Court finds there is no issue of genuine material fact as it pertains to vicarious infringement.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment Regarding Liability of the Cypress Lake Owners and Island Park Owners filed by Defendants, Cypress Lake Owners and Island Park Owners. ("the Apartment Owners") [Record Document 309] be and is hereby **DENIED IN PART** and **GRANTED** insofar as it pertains to Looney Ricks Kiss Architects, Inc.'s claim for vicarious infringement.

**FURTHER IT IS ORDERED** that the Motion for Summary Judgment of No Infringement filed by Defendants, Dial Equities, Inc., Grande Pointe–NE Limited Partnership and Key Associates, LLC ("the Dial Defendants") [Record Document 314] be and is hereby **DENIED IN PART** and **GRANTED** insofar as it pertains to Looney Ricks Kiss Architects, Inc.'s claim for vicarious infringement.

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 7th day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE