UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

---

### MEMORANDUM RULING

Before this Court is a Motion for Partial Summary Judgment Regarding Bryan Defendants' Profits "Attributable to the Infringement" Pursuant to 17 U.S.C. § 504 filed by Defendants, Steve Bryan; Bryan Investments, LLC; Bryan Construction Company, Inc.; The Bryan Company; CLA, LLC; Island Park Apartments, LLC; Cypress Lake Development, LLC; Island Park Development, LLC; Grand Pointe Apartments, LLC, and Riverside Bluffs, Inc. ("the Bryan Defendants") [Record Document 305] and a Motion for Partial Summary Judgment Regarding the Cypress Lake Owners' and Island Park Owners' Profits "Attributable to the Infringement" Pursuant to 17 U.S.C. § 504 filed by Defendants, Cypress Lake Owners and Island Park Owners ("the Apartment Owners") [Record Document 307].  The motions are opposed.  For the reasons discussed herein, the Bryan Defendants' Motion for Partial Summary Judgment is **DENIED** and the Apartment Owners' Motion for Partial Summary Judgement is **DENIED**.

### FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

In their motions for partial summary judgment, the Bryan Defendants and the Apartment Owners argue that "profits attributable to the infringement should be dismissed, with prejudice and at plaintiff's cost." [Record Document 305 at 1 and Record Document 307 at 2]. In the alternative, the Bryan Defendants and Apartment Owners seek a finding from "this Court that they have submitted more than adequate evidence that factors such as quality of construction, location, amenities, and services provided influence rental rates and therefore apportionment of the [Defendants'] profits is required as a matter of law." [Record Document 305 at 1-2 and Record Document 307 at 1-2].

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56 requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial."

Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

## LAW AND ANALYSIS

According to the federal statue that lays out the remedies available for a breach of copyright:

> (a) In General.--Except as otherwise provided by this title, an infringer of copyright is liable for either--
>
> (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
>
> (2) statutory damages, as provided by subsection (c).
>
> (b) Actual Damages and Profits.--The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504.

The Bryan Defendants and the Apartment Owners seek a declaration from this Court that LRK is not entitled to infringer profits more specifically they state:

> apportionment is required in this case as a matter of law, because it is beyond dispute that factors other than the alleged

> infringement influenced rental rates and the profits achieved by the [Defendants]. The [Defendants] further show that when apportionment of profits is considered, there can be no profits attributable to the infringement; any such award would be too speculative because the rental of the complexes has no legally significant relationship with the alleged infringement.

[Record Document 305-4 at 7-8 and Record Document 307-4 at 8]. To support their contention the Bryan Defendants and the Apartment Owners have submitted the depositions of Rebecca Runyon Bryan[1], Tom Cook, Roland Freeman, Larry Steinberg, John King and John W. Dean. LRK has countered with competent summary judgment evidence. See Record Document 356.

The Fifth Circuit recently re-affirmed the burden of persuasion for copyright holders to establish infringer profits. In doing so, the Fifth Circuit adopted a position taken by the Fourth Circuit:

> "[O]nce liability has been shown, § 504(b) creates an initial presumption that the infringer's 'profits ... attributable to the infringement' are equal to its gross revenue." Bonner v. Dawson, 404 F.3d 290, 294 (4th Cir.2005) (alteration in original) (quoting 17 U.S.C. § 504(b)). "In meeting its initial burden, however, a copyright holder must show more than the infringer's total gross revenue from all of its profit streams . . . . Rather, 'gross revenue' refers only to revenue reasonably related to the infringement." Id.

MGE UPS Systems, Inc. v. GE Consumer and Indus., Inc., 622 F.3d 361, 367 (5th Cir. 2010).

According to the court in Bonner:

---

[1] LRK moves in their opposition to strike Rebecca Runyon Bryan's deposition arguing that it is hearsay and that she is an undisclosed expert. See Record Document 356 at 2. Because this is not a properly briefed motion, this Court will not consider it at this time.

> In meeting its initial burden, however, a copyright holder must show more than the infringer's total gross revenue from all of its profit streams. We have previously determined that a literal interpretation of "gross revenue" in § 504(b) to include all profits produced by an infringer, no matter the source, would be incorrect. Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 520-22 (4th Cir.2003). Rather, "gross revenue" refers only to revenue reasonably related to the infringement. Id. at 521. The copyright owner thus has the burden of demonstrating some causal link between the infringement and the particular profit stream before the burden-shifting provisions of § 504(b) apply. Id.
>
> The district court found that no such connection existed here, holding that Bonner had produced no evidence "that defendants' gross revenues were causally connected to the infringement of plaintiff's architectural designs." (JA 9048). The court acknowledged that Bonner had presented evidence that Dawson and Bishop had built and leased the building at issue, and that the profit stream established by Bonner derived from the building itself. Nevertheless, the court found this evidence was not sufficient to satisfy the "causal connection" requirement articulated in Bouchat, because it was not clear that the basis for the profits was the particularized design of the building. In doing so, however, the court misinterpreted the level of connection between infringement and profits that is required under Bouchat. Bonner produced evidence of the profits generated by the leasing agreements in the infringed building. This amount was derived exclusively from the infringed building; no other source contributed to the generated funds. The building generating the funds was designed based upon Bonner's copyright. This is sufficient to satisfy Bouchat's requirement of a "causal connection" between the infringement and the profit stream.

404 F.3d at 294. This Court is persuaded by the reasoning of the Fourth Circuit. In this instance, the gross revenues realized by the Bryan Defendants and the Apartment Owners were derived exclusively from the allegedly infringing buildings; no other source contributed to the generated funds. The buildings generating the funds were allegedly designed based upon LRK's copyright. Therefore, if LRK is successful in proving that the

buildings in question infringed upon LRK's copyright, then LRK will have satisfied the requirement of a "causal connection" between the infringement and the profit stream.

In that instance, the burden of persuasion will shift to the Bryan Defendants and the Apartment Owners to show what elements of profit are attributable to factors other than the copyrighted work. See 17 U.S.C. 504(b).

This Court is of the opinion that there are two genuine issues of material fact for the triers of fact to resolve if they find that the Bryan Defendants and the Apartment Owners infringed on LRK's copyrights: (1) Are there infringer profits that LRK is entitled too; and (2) if there are infringer profits, what portion of those profits, if any, are attributable to elements other than the infringement? Accordingly, there are genuine issues of material fact for the triers of fact to resolve and summary judgment is inappropriate at this time.

## CONCLUSION

The Court finds there are genuine issues of material fact as to the Issue of Infringer Profits and issues of material fact as to the Issue of Apportionment of the Bryan Defendants' and the Apartment Owners' Profits.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment Regarding Bryan Defendants' Profits "Attributable to the Infringement" Pursuant to 17 U.S.C. § 504 filed by Defendants, Steve Bryan; Bryan Investments, LLC; Bryan Construction Company, Inc.; The Bryan Company; CLA, LLC; Island Park Apartments, LLC; Cypress Lake Development, LLC; Island Park Development, LLC; Grand Pointe Apartments, LLC, and Riverside Bluffs, Inc. ("the Bryan Defendants") [Record Document 305] be and is hereby **DENIED**.

**FURTHER IT IS ORDERED** that the Motion for Partial Summary Judgment Regarding the Cypress Lake Owners' and Island Park Owners' Profits "Attributable to the Infringement" Pursuant to 17 U.S.C. § 504 filed by Defendants, Cypress Lake Owners and Island Park Owners ("the Apartment Owners") [Record Document 307] be and is hereby **DENIED**.

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 7th day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE