**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

LOONEY RICKS KISS ARCHITECTS,       CIVIL ACTION NO. 07-572
INC.

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

STEVE H. BRYAN, ET AL.                MAGISTRATE JUDGE HORNSBY


**MEMORANDUM RULING**

Before the Court is a Motion in Limine  to exclude certain testimony of Larry

Steinberg (Record Document 304) filed by Defendants, Steve Bryan; Bryan Investments,

LLC; Bryan Construction Company, Inc.; The Bryan Company; CLA, LLC; Island Park

Apartments, LLC; Cypress Lake Development, LLC; Island Park Development, LLC; Grand

Pointe Apartments, LLC, and Riverside Bluffs, Inc. ("the Bryan Defendants").  In their

motion, the Bryan Defendants seek to exclude certain testimony of one of Plaintiff's,

Looney Ricks Kiss Architects, Inc. ("LRK"), experts, Larry Steinberg ("Steinberg"), on the

grounds that his proposed testimony is "based on 'double counting' of revenues that were

transferred amongst the Bryan Defendants"  or in the alternative that it would violate Fed.

R. Evidence 403.  Also, before the Court is a Daubert Motion to strike the entire testimony

of Larry Stienberg (Record Document 318) filed by Defendants, Cypress Lake Owners and

Island Park Owners ("the Apartment Owners").  The Apartment Owners argue that

Steinberg "failed to account for revenues not attributable to the copyrighted works in his

calculations of gross revenues for purposes of Plaintiff's claim for infringer profits under 17

U.S.C. § 504(b)" and in the alternative the Apartment Owners only seek to exclude those

portions of Steinberg's "testimony regarding the Apartment Owners' future gross revenues for purposes of Plaintiff's claim for infringer's profits under 17 U.S.C. § 504 as irrelevant, unsupported and unreliable."  (Record Document 318 at 1-2).  LRK opposes the motions. <u>See</u> Record Document 360.

The admissibility of Steinberg's expert testimony is governed by Federal Rule of Evidence 702[1] and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc</u>., 509 U.S. 579, 113 S.Ct. 2786 (1993).  The function of this Court under Rule 702 and <u>Daubert</u>, and its progeny, is to serve as a gatekeeper and to ensure that any and all scientific testimony is not only relevant, but reliable.  <u>See Daubert</u>, 509 U.S. 579, 113 S.Ct. 2786.  Again, this gatekeeping function applies to not only scientific expert testimony, but rather all expert testimony.  <u>See Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (U.S. 1999). Under Rule 702, the Court is concerned with three main requirements: (1) qualifications; (2) reliability; and (3) relevance.

As to qualifications, the Court has reviewed the parties' briefs, Steinberg's deposition, Steinberg's report dated June 4, 2008 and Steinberg's report dated March 27, 2009, and finds that Steinberg is qualified to testify in the field of economic damages.  <u>See</u>

---

[1]F.R.E. 702 states:

If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Verzwyvelt v. St. Paul Fire & Marine Ins. Co., 175 F.Supp.2d 881, 887 (W.D. La. 2001) &

Wilson v. Woods, 163 F.3d 935, 937 (5th Cir. 1999).  The record reflects that Steinberg

has had extensive experience in accounting specifically in the area of construction.  See

Record Document 304-2 at 32.  Steinberg received his BSBA in Accounting in 1964 and

became a Certified Public Accountant in 1968.  See id.  His resume indicates that he has

worked at some of the largest accounting firms in the country–Ernst & Ernst (now Ernst &

Young, LLP) and Touche Ross & Co. (now Deloitte & Touche, LLP).  Id. at 34.  Since 1996

he has been the Senior Manager, Construction Industry Services for Blue & Co., Inc.  Id.

at 32.  This Court is satisfied that Steinberg is qualified to offer expert testimony in the area

of economic damages.

In determining reliability, this Court is charged with examining the process or

technique used by Steinberg in formulating his opinion and determining whether that

process or technique is reliable.[2]  According to 17 U.S.C. § 504:

> (a) In General.--Except as otherwise provided by this title, an infringer of copyright is liable for either--

> (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

> (2) statutory damages, as provided by subsection (c).

> (b) Actual Damages and Profits.--The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer

---

[2]The Court notes that Steinberg's expert report reflects that he reviewed a great deal of financial information provided by the Defendants.  See Record Document 304-2, Exhibit J and Record Document 318-4, Exhibit D.

> that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(a)-(b).  Steinberg states that he was told to assume "that the measure of damages for purposes of this initial opinion should be the gross revenues realized from the offending property."  (Record Document 304-2 at 12).  "Selected historical information, income tax returns and other information was made availabe to me . . . A computation of the gross revenues realized from the offending property was made for each defendant . . . " Id.

The Bryan Defendants argue that Steinberg's calculations in fact captured the same revenue multiple times as a result of the transfers that occurred between the various business entities that are named as defendants in this action.  See Record Document 306. As a result, the Bryan Defendants contend that his estimates suffer from double counting of revenues.   Given the complexity of this case and the parties, this Court is hesitant to strike any expert testimony that may assist the trier of fact.

Steinberg also calculated future gross revenues for the apartment complexes.  To determine the future gross revenues of the properties, Steinberg took the gross revenues for 2008 and discounted them according to the estimated useful life remaining of the various complexes.  The Apartment Owners contend that Steinberg's method is unreliable because he only based his projection on one year.  (Record Document 318-1 at 9-13).  To this Court, this attack goes to the credibility and weight of the evidence and not its

admissibility.

Finally, the Apartment Owners argue "Steinberg's testimony should be stricken in its entirety because he has failed to account for revenues not attributable to the alleged infringements." (Record Document 318-1 at 7). 17 U.S.C. § 504(b) merely requires the copyright owner "to present proof *only of the infringer's gross revenue*, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b)(emphasis added). The Plaintiff's contend that all revenues of the offending properties are attributable to the infringement. Therefore, the Apartment Owner's argument must fail at this time. Steinberg's opinions as stated in his report satisfy the reliability requirement of Federal Rule of Evidence 702 and Daubert.

As to relevance, this Court disagrees with the Bryan Defendants and the Apartment Owners and finds that Steinberg's testimony is sufficiently tied to the facts of this case and that it will aid the jury in understanding and resolving the factual disputes in this case. See Daubert, 509 U.S. at 591, 113 S.Ct. at 2796 (1993).

The Court finds that the Bryan Defendants and the Apartment Owners have failed to demonstrate that the "factual basis, data, principles, methods, or their application" underlying Steinberg's proposed testimony has been "called sufficiently into question" under Rule 702. Kumho Tire Co., Ltd., 526 U.S. at 149, 119 S.Ct. at 1175. Instead, the Court finds that Steinberg's testimony, as a whole, has a sufficiently reliable basis in the knowledge and experience of the relevant discipline. See id. Steinberg's expert testimony will be subjected to vigorous cross-examination and, presumably, the presentation of

contrary evidence.  See Daubert, 509 U.S. at 596, 113 S.Ct. at 2798 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.  Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment . . . .").  Thus, the Court concludes that Steinberg's qualifications and the reliability and relevance of his proposed expert testimony stand on the showing made in the record.

In addition the Bryan Defendants seek to exclude the proposed testimony of Larry Steinberg on the grounds that it violates Fed. R. Evid. 403.  Fed. R. Evid. 403 states "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  "Relevant evidence is inherently prejudicial; but it is only [u]nfair prejudice, [s]ubstantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."  United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979).  The Court finds that the opinions expressed by Steinberg are indeed relevant and do not create unfair prejudice for the Defendants.

Accordingly,

**IT IS ORDERED** that the Motion in Limine  to exclude testimony at trial of Larry Steinberg (Record Document 304) filed by Defendants, Steve Bryan; Bryan Investments, LLC; Bryan Construction Company, Inc.; The Bryan Company; CLA, LLC; Island Park

Apartments, LLC; Cypress Lake Development, LLC; Island Park Development, LLC; Grand Pointe Apartments, LLC, and Riverside Bluffs, Inc. ("the Bryan Defendants") be and is hereby **DENIED**.

      **FURTHER IT IS ORDERED** that the Daubert Motion to strike the testimony of Larry Steinberg (Record Document 318) filed by Defendants, Cypress Lake Owners and Island Park Owners ("the Apartment Owners") be and is hereby **DENIED**.

      **THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of December, 2010.

                            _____
                                 S. MAURICE HICKS, JR.
                         UNITED STATES DISTRICT JUDGE