UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion in Limine to Preclude Plaintiff From Offering Evidence of Any "Like-Kind Exchange" By Which Any of the Apartment Owners Acquired An Interest in the Apartments filed by Defendants, Cypress Lake Owners and Island Park Owners ("the Apartment Owners") [Record Document 407]. A response has been filed. See Record Document 441. For the reasons discussed herein, the Apartment Owners' Motion in Limine is **DENIED AS MOOT**.

## FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

## MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir.1980). The Collins court further explained that

> When a party files numerous motions in limine, the trial court may not pay close attention to each one, believing that many

> of them are purely hypothetical. Thus, a party whose motion in limine has been overruled must object when the error he sought to prevent with his motion in limine is about to occur at trial. This will give the trial court an opportunity to reconsider the grounds of the motion in light of the actual instead of hypothetical circumstances at trial.

Id.; accord C.P. Interests, Inc. v. Cal. Pools, Inc., 238 F.3d 690, 697 n. 5 (5th Cir.2001).

Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT & T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D.Ill.1993) (citing Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.1975); see also Starling v. Union Pac. R.R., 203 F.R.D. 468, 482 (D.Kan.2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there"). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F.Supp. at 1401.

## LAW AND ANALYSIS

The Apartment Owners move to exclude any evidence of "Like-Kind Exchange" by which any of the Apartment Owners acquired an interest in the apartments. According to the Plaintiffs, they do "not oppose the Owner defendant's motion in limine concerning

evidence of 'like kind exchange.'" [Record Document 441 at 1]. As such, this Motion in Limine is moot.

## CONCLUSION

Since the plaintiffs agree that no mention of like-kind exchanges should be discussed at trial, the motion in limine is moot.

Accordingly,

**IT IS ORDERED** that the Motion in Limine to Preclude Plaintiff From Offering Evidence of Any "Like-Kind Exchange" By Which Any of the Apartment Owners Acquired An Interest in the Apartments filed by Defendants, Cypress Lake Owners and Island Park Owners ("the Apartment Owners") [Record Document 407] be and is hereby **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 15th day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE