## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## <u>MEMORANDUM ORDER</u>

Before this Court is a Motion in Limine to Preclude Evidence of Advertisement or Promotion of Any Multi-Family Housing Project in Advance of Construction, Through Construction, and During Initial Occupancy filed by Defendant, Lafayette Insurance Co. ("Lafayette") [Record Document 410].  Neither a response nor opposition have been filed. For the reasons discussed herein, the Lafayette's Motion in Limine is **DENIED IN PART** and **GRANTED IN PART**.

## FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

## MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." <u>Collins v. Wayne Corp.</u>, 621 F.2d 777, 784 (5th Cir.1980). The <u>Collins</u> court further explained that

> When a party files numerous motions in limine, the trial court may not pay close attention to each one, believing that many

of them are purely hypothetical. Thus, a party whose motion in limine has been overruled must object when the error he sought to prevent with his motion in limine is about to occur at trial. This will give the trial court an opportunity to reconsider the grounds of the motion in light of the actual instead of hypothetical circumstances at trial.

Id.; accord C.P. Interests, Inc. v. Cal. Pools, Inc., 238 F.3d 690, 697 n. 5 (5th Cir.2001).

Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT & T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D.Ill.1993) (citing Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.1975); see also Starling v. Union Pac. R.R., 203 F.R.D. 468, 482 (D.Kan.2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there"). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F.Supp. at 1401.

## LAW AND ANALYSIS

### Evidence of Advertising or Promotion of the Cypress Lake Apartments

Lafayette specifically moves to exclude any evidence, including testimony, by Steve H. Bryan, the Bryan Defendants or any party to the declaratory judgment action to the extent that evidence of promotion or advertising of the Cypress Lake Apartments, or any other new multi-family housing project, in

> advance of construction, during construction and/or during
> initial occupancy.  No evidence has ever been produced
> concerning any advertising or promotion of Cypress Lake
> Apartments, even though previously requested in discovery.

[Record Document 410-2 at 3].  The Defendants have not responded to this motion.

According to Local Rule 7.5W, "[i]f the respondent opposes a motion, he or she shall file

a response . . . ."  In an abundance of caution, this Court will consider this motion on the

merits.

This Court agrees that the Bryan Defendants have failed to respond to Lafayette's

Motion to Compel [Record Document 264] and failed to produce documentary evidence

supporting their contention that they engaged in advertising Cypress Lake Apartments prior

to construction, during construction, and/or during initial occupancy.  As such, the Motion

in Limine is granted in so far as the Bryan Defendants are precluded from offering

documentary evidence about advertising of the Cypress Lake Apartments prior to

construction, during construction, and/or during initial occupancy.  However, the Bryan

Defendants have offered the Affidavit of Steve H. Bryan [Record Document 296-1] which

presents testimony that the Bryan Defendants did engage in advertising prior to

construction, during construction, and/or during the initial occupancy of the Cypress Lake

Apartments.  Steve H. Bryan may testify to this extent because testimony is evidence.

However, it will be uncorroborated testimony because that is the only evidence that

appears to have been produced.  Therefore, to the extent that Lafayette seeks to preclude

Steve H. Bryan's testimony about advertising their Motion in Limine is denied.

**Evidence of Advertising or Promotion of Any Other New Multi-Family Project**

Lafayette also moves to exclude "any other testimony of advertising of any other new multi-family project in advance of the construction, through construction, and/or during the initial occupancy of the multi-family project, aside from Cypress Lake Apartments specifically, is not probative of any issue to the declaratory judgment action filed herein by Lafayette Insurance Company." [Record Document 410-2 at 5].  In order for evidence to be presented it must be relevant to the issues before the Court.  According to the Federal Rules of Evidence, relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Whether the Bryan Defendants advertised any other new multi-family project in advance of the construction, through construction, and/or during the initial occupancy is not relevant to any fact before the Court.  Therefore, the Motion in Limine excluding evidence of advertising or promotion of any other multi-family project is granted.

## CONCLUSION

Steve H. Bryan should be allowed to testify about the advertising done relating to the Cypress Lake Apartments; however, they Bryan Defendants should be precluded from offering any other evidence above and beyond Steve H. Bryan's testimony.  In addition, the Bryan Defendants should be precluded from offering any evidence about advertising for other multi-family projects not a part of this litigation.

Accordingly,

**IT IS ORDERED** that the Motion in Limine to Preclude Evidence of Advertisement or Promotion of Any Multi-Family Housing Project in Advance of Construction, Through

Construction, and During Initial Occupancy filed by Defendant, Lafayette Insurance Co. ("Lafayette") [Record Document 410] be and is hereby **DENIED** as it pertains to Steve H. Bryan's testimony about advertising for the Cypress Lake Apartments and **GRANTED** as it pertains to any other evidence relating to the advertising for the Cypress Lake Apartments.

**IT IS FURTHER ORDERED** that the Motion in Limine to Preclude Evidence of Advertising or Promotion of Any Other New Multi-Family Project filed by Defendant, Lafayette Insurance Co. ("Lafayette") [Record Document 410] be and is hereby **GRANTED** in so far as it pertains to multi-family projects not before this Court.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 15th day of December, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE