## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

### <u>MEMORANDUM ORDER</u>

Before this Court is a Motion in Limine filed by Defendants, Dial Equities, Inc., Grande Pointe–NE Limited Partnership and Key Associates, LLC ("the Dial Defendants") [Record Document 412].  A response has been filed.  <u>See</u> Record Document 440.  For the reasons discussed herein, the Dial Defendants' Motion in Limine is **DENIED AS MOOT**.

### FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

### MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." <u>Collins v. Wayne Corp.</u>, 621 F.2d 777, 784 (5th Cir.1980). The <u>Collins</u> court further explained that

> When a party files numerous motions in limine, the trial court may not pay close attention to each one, believing that many of them are purely hypothetical. Thus, a party whose motion in limine has been overruled must object when the error he sought to prevent with his motion in limine is about to occur at trial. This will give the trial court an opportunity to reconsider

> the grounds of the motion in light of the actual instead of hypothetical circumstances at trial.

Id.; accord C.P. Interests, Inc. v. Cal. Pools, Inc., 238 F.3d 690, 697 n. 5 (5th Cir.2001).

Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT & T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D.Ill.1993) (citing Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.1975); see also Starling v. Union Pac. R.R., 203 F.R.D. 468, 482 (D.Kan.2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there"). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F.Supp. at 1401.

## LAW AND ANALYSIS

The Dial Defendants move to preclude any party from offering certain evidence or making certain arguments in the presence of the jury, specifically:

1) implies or creates the impression that any of the Dial Defendants were involved in any manner in the design, development or construction of any apartment at issue;
2) concern documents withheld as privileged or questions calculated to draw a privilege objection; or
3) publish deposition objections and attorney colloquy.

[Record Document 412 at 1].

In regards to the first ground that the Dial Defendants raise, the Plaintiffs state "LRK does not make this claim and does not intend to offer such evidence or make such arguments." [Record Document 440 at 1].  As such, this ground for relief is moot.

Next, the Dial Defendants seek to preclude any questions that elicit privileged responses.  As the Plainitffs point out, Carl Troia, the General Counsel of Dial Equities Corporation, also served as the Corporate Secretary when the Grand Pointe Apartments were purchased. [Record Document 440 at 1].  The Plaintiffs questions will focus on the latter capacity, and the Court agrees that in this capacity any actions by Mr. Troia are not privileged.  Thus, this ground for relief is moot.

Finally, the Dial Defendants move to preclude any deposition objections and attorney colloquy from being presented to the jury.  According to the Plaintiffs, they do "not oppose the Dial defendants' motion in this regard, but believes that the Court's procedures and the efforts of counsel to comply with them should prevent any publication of such matters to the jury." [Record Document 440 at 2].  Thus, this ground for relief is moot.  As such, this Motion in Limine is moot.

## CONCLUSION

Since the plaintiffs agree with the position taken by the Dial Defendants, then this present motion is moot.

Accordingly,

**IT IS ORDERED** that the Motion in Limine filed by Defendants, Dial Equities, Inc., Grande Pointe–NE Limited Partnership and Key Associates, LLC ("the Dial Defendants") [Record Document 412] be and is hereby **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 15th day of December, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE