**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## <u>MEMORANDUM RULING</u>

Before this Court is a Motion for Partial Summary Judgment on certain defenses and counterclaims alleged by the defendants filed by the Plaintiffs, Looney Ricks Kiss Architects, Inc. ("LRK"). [Record Document 333]. The motion is opposed. Given the number of defendants in this action, the Court will merely refer to them in the aggregate as "the Defendants." For the reasons discussed herein, LRK's Motion for Partial Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

### FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

In their motion for partial summary judgment, LRK argues that this Court should rule on the following claims:

> 1. Claims of joint authorship in the LRK Copyrighted Works that are the subject of this action.
> 2. Claims that LRK's works are not protectible by copyright because they allegedly violate the Fair Housing Act and the Americans with Disabilities Act.
> 3. Claims that LRK's cause of action is time-barred.

          4.  Claims that defendants' use of LRK's Copyrighted Works
          fall within the "pictorial representation" exception for copyrights
          in architectural works.

[Record Document 333-1 at 8].

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil

Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp.

v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Rule 56

"mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence

of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552.  If the party moving for summary

judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue

of material fact, the motion must be denied, regardless of the nonmovant's response.  Little

v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the motion is properly

made, however, Rule 56 requires the nonmovant to go "beyond the pleadings and

designate specific facts in the record showing that there is a genuine issue for trial."

Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).  While

the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated

assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at

1075,  Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the

nonmovant.  Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

# LAW AND ANALYSIS

**Joint Authorship**

Generally, copyright protection vests initially in the "author" of the architectural plans or designs, unless there is a written agreement to the contrary or the work is a "work for hire." 17 U.S.C. § 201(a).  "Only in unusual circumstances will someone other than the architect be the author, the one to give spatial expression to the design ideas." Fairview Development Corp. v. Aztex Custom Homebuilders, LLC, 2009 WL 529899, *5 (D. Ariz. 2009).  "As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." Community for Creative Non-Violence v. Reid, 490 U.S. 730, 737, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) (citing 17 U.S.C. § 102).  "Although a builder presents ideas and concepts to a designer who prepares the architectural plans and drawings, including sketches of concepts which become a part of the final plans and drawings, and retains approval authority thereafter, such participation is insufficient to establish a claim of co-authorship." HRH Architects, Inc. v. Lansing, 2009 WL 1421217, *5 (copying Fred Riley Home Building Corp. v. Cosgrove, 864 F. Supp. 1034, 1037 (D. Kan. 1994)).  A work is created only when it is fixed in a final work product. Ideas and concepts are not copyrightable. M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486 (11th Cir.1990).

The Copyright Act defines "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101.  "A co-authorship claimant bears the burden of establishing that each of the putative co-authors (1) made independently copyrightable contributions to the work; and (2) fully intended to be co-authors." Thomson v. Larson, 147

F.3d 195, 200 (2d Cir.1998) (citing Childress v. Taylor, 945 F.2d 500, 507-08 (2d Cir.1991)); see also Childress, 945 F.2d at 508 (endorsing an inquiry into "whether the putative co-authors ever shared an intent to be co-authors" and requiring that the parties "entertain in their minds the concept of joint authorship, whether or not they [understand] precisely the legal consequences of that relationship"); Design Options, Inc. v. BellePointe, Inc., 940 F.Supp. 86, 90 (S.D.N.Y.1996) ("[B]oth parties must have intended, at the time of creation, that the work be jointly owned.").

Joint authors cannot be liable to one another for infringement. Quintanilla v. Texas Television, Inc., 139 F.3d 494 (5th Cir.1998). Authorship is generally a question of fact for the jury. Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 110 (2d Cir.2002).

According to the Bryan Defendants, they "have come forward with sufficient evidence on the issue of joint authorship to create genuine issues of material fact that preclude LRK's motion for summary judgment." [Record Document 369 at 11]. To support their contention that there can be no joint authorship in this instance, LRK presents this Court with the original agreement between LRK and Steve Bryan to build Island Park-Memphis. In that agreement, Steve Bryan specifically agreed that:

> The Architectural Works, Drawings, Specifications, Technical Drawings and other documents prepared by the Architect for this Project are instruments of the Architect's service for use solely with respect to this Project and, unless otherwise provided, the Architect shall be deemed the author of these documents and shall retain all common law, statutory and other reserved rights, including the copyright. The Owner shall be permitted to retain copies, including reproducible copies, of the Architect's Architectural Works, Drawings, Specifications, Technical Drawings and other documents for information and reference in connection with the Owner's use and occupancy of the Project. The Architect's Architectural Works, Drawings,

> Specifications, Technical Drawings or other documents shall not be used by the Owner or others on other projects, for additions to this Project or for completion of this Project by others, unless the Architect is adjudged to be in default under this Agreement, except by agreement in writing and with appropriate compensation to the Architect.

[Record Document 333-3 at 10].

According to Article 9.1 of the AIA Agreement between LRK and Steve Bryan, "[u]nless otherwise provided, this Agreement shall be governed by the law of the principal place of business of the Architect." [Record Document 280-14 at 11].  This appears to be a valid choice of law provision.  The pleadings indicate that LRK's principal place of business at the time this contract was drafted and executed was Tennessee.  As such, Tennessee law must govern the interpretation of this contract and its provisions.

Under Tennessee law, the language of the contract should be understood in its plain and ordinary meaning. See American Ins. Reciprocal v. Hutchison, 15 S.W.3d 811, 814 (Tenn.2000).  "[A] contract is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one. A strained construction may not be placed on the language used to find ambiguity where none exists." Farmers-Peoples Bank v. Clemmer, 519 S.W.2d 801, 805 (Tenn.1975). A contract is not rendered ambiguous simply because the parties disagree as to the interpretation of one or more of its provisions. International Flight Ctr. v. City of Murfreesboro, 45 S.W.3d 565, 570 n. 5 (Tenn.Ct.App.2001). Nor is a contract rendered ambiguous simply by virtue of language which happens to be technical or complex to the layman.  Blaylock and Brown Constr. v. AIU Ins. Co., 796 S.W.2d 146, 149 (Tenn.Ct.App.1990).

Interpretation of an unambiguous contract is a question of law for the court to decide. Hamblen County v. City of Morristown, 656 S.W.2d 331 (Tenn.1983). "Where a

contract is clear and unambiguous, parties' intentions are to be determined from the four corners of the contract." Pierce v. Flynn, 656 S.W.2d 42 (Tenn.Ct.App.1983); Bokor v. Holder, 722 S.W.2d 676, 679 (Tenn.Ct.App.1986). However, even when the agreement is unambiguous, the court may "consider the situation of the parties and the accompanying circumstances at the time it was entered into-not for the purpose of modifying or enlarging or curtailing its terms, but to aid in determining" the contract's meaning. Hamblen, supra, 656 S.W.2d at 334 (quoting Restatement of Contracts § 235(d) and Comment).

This Court finds that the agreement between Steve Bryan and LRK is unambiguous. It clearly shows that the parties intended that LRK would be the sole author and owner of the architectural plans.  In this instance, there is no genuine of issue of material fact for a jury.  Steve Bryan signed an agreement that conveyed all ownership and copyright interests in the Island Park Apartment plans to LRK.  Therefore, from this Court's review of the record and competent summary judgment evidence there appears to be no intent on the part of *both* parties at the time of creation of the plans to create a work that was jointly owned.  As such, LRK's motion for summary judgment on the affirmative defense of joint authorship must be granted.  There are no genuine issues of material fact for the triers of fact.

**Violation of the Fair Housing Act and the Americans with Disabilities Act**

The Bryan Defendants argue that they "can assert as an affirmative defense and through a Declaratory Judgment Act under 28 U.S.C. §§ 2201 and 2202 that they were entitled to use LRK's architectural works and technical drawings on other projects due to LRK's default of the October 10, 1996 Standard Form of Agreement between Owner and Architect." [Record Document 369 at 26].  They point this Court to Article 6.1 of the original

agreement between Steve Bryan and LRK.  This Court has reviewed and discussed this article multiple times through the course of this litigation.   Nevertheless, the Bryan Defendants draw this Courts attention to this sentence from Article 6.1:

> The Architect's <u>Architectural Works,</u> Drawings, Specifications, <u>Technical Drawings</u> or other documents shall not be used by the Owner or others on other projects, for additions to this Project or for completion of this Project by others, *unless the Architect is adjudged to be in default under this Agreement,* except by agreement in writing and with appropriate compensation to the Architect.

[Record Document 333-3 at 10] (emphasis added).  They argue that "under its terms, if the architect (i.e., LRK) is found to be in default of this Owner-Architect Agreement, 'others' (i.e., Steve Bryan and the Bryan Defendants) may use the architectural works, drawings, specifications, technical drawings and other documents on other projects." [Record Document 369 at 29].  "The Bryan Defendants are requesting that this Court find there has been a default of the Owner-Architect Agreement by LRK, and consequently under 6.1 of the Owner-Architect Agreement, find that Bryan Defendants (as 'others') are entitled to use LRK's plans on the project." [Record Document 369 at 32].  LRK contends that "any claim that LRK is in breach of the Owner Architect Agreement is now time barred." [Record Document 333-1 at 31].

This Court has reviewed the Owner Architect Agreement and cannot find a procedure to find a party in default.  However, the Owner Architect Agreement states under its Miscellaneous Provisions that:

> 9.1    Unless otherwise provided, this Agreement shall be governed by the law of the principal place of business of the Architect.
> . . .
> 9.3    Causes of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have

> accrued and the applicable statues of limitations shall commence to run not later than either the date of Substantial Completion for acts or failures to act occurring prior to Substantial Completion, or the date of issuance of the final Certificate of Payment for acts or failures to act occurring after Substantial Completion.

[Record Document 333-3 at 12].  Article 9.1 appears to be a valid choice of law provision. The pleadings indicate that LRK's principal place of business at the time this contract was drafted and executed was Tennessee.  As such, Tennessee law must govern the interpretation of this contract and its provisions.

Under Tennessee law, the language of the contract should be understood in its plain and ordinary meaning. See American Ins. Reciprocal v. Hutchison, 15 S.W.3d 811, 814 (Tenn.2000).  "[A] contract is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one. A strained construction may not be placed on the language used to find ambiguity where none exists." Farmers-Peoples Bank v. Clemmer, 519 S.W.2d 801, 805 (Tenn.1975). A contract is not rendered ambiguous simply because the parties disagree as to the interpretation of one or more of its provisions. International Flight Ctr. v. City of Murfreesboro, 45 S.W.3d 565, 570 n. 5 (Tenn.Ct.App.2001). Nor is a contract rendered ambiguous simply by virtue of language which happens to be technical or complex to the layman. Blaylock and Brown Constr. v. AIU Ins. Co., 796 S.W.2d 146, 149 (Tenn.Ct.App.1990).

Interpretation of an unambiguous contract is a question of law for the court to decide. Hamblen County v. City of Morristown, 656 S.W.2d 331 (Tenn.1983). "Where a contract is clear and unambiguous, parties' intentions are to be determined from the four corners of the contract." Pierce v. Flynn, 656 S.W.2d 42 (Tenn.Ct.App.1983); Bokor v. Holder, 722 S.W.2d 676, 679 (Tenn.Ct.App.1986). However, even when the agreement

is unambiguous, the court may "consider the situation of the parties and the accompanying circumstances at the time it was entered into-not for the purpose of modifying or enlarging or curtailing its terms, but to aid in determining" the contract's meaning. Hamblen, supra, 656 S.W.2d at 334 (quoting Restatement of Contracts § 235(d) and Comment).

Before this Court can even determine if LRK is in default under the Owner Architect Agreement, it must first determine if the claims made by the Bryan Defendants in their Declaratory Judgment Action are susceptible to a time bar.  This Court has reviewed the jurisprudence in the Fifth Circuit and our sister circuits on declaratory judgment actions and statute of limitations.  Unfortunately, there is scant jurisprudence.  One case from the Third Circuit gave a useful overview of the federal circuits and their views on statutes of limitations in regards to declaratory judgment actions:

> Because actions for declaratory relief do not have their own statute of limitations, the district court concluded that the plaintiffs' causes of action are governed by the period of limitations applicable to the substantive claims underlying the action, citing Cope v. Anderson, 331 U.S. 461, 463-64, 67 S.Ct. 1340, 1341-42, 91 L.Ed. 1602 (1947). Thus, the district court held that the statute of limitations to be applied would be the same regardless of the posture of the case, whether offensive or defensive. Accordingly, if the underlying action is time-barred, so is the action for declaratory relief. Judge Huyett, the trial judge, then perceptively determined that Counts I, II, and III were all barred by the applicable statutes of limitations.
>
> Although this court of appeals has not yet spoken on the issue, a number of other courts have. The First, Sixth, Ninth and Tenth Circuit Courts of Appeals have all held that an action for declaratory relief will be barred to the same extent the applicable statute of limitations bars the concurrent legal remedy. International Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth., 108 F.3d 658, 668 (6th Cir.1997); Levald, Inc. v. City of Palm Desert, 998 F.2d 680,

688-89 (9th Cir.1993); Gilbert v. City of Cambridge, 932 F.2d 51, 57-58 (1st Cir.1991); Clulow v. Oklahoma, 700 F.2d 1291, 1302 (10th Cir.1983). "It is settled, therefore, that where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy." Gilbert, 932 F.2d at 57. The Court of Appeals for the Second Circuit, applying state law, has also held that when a "claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern." Town of Orangetown v. Gorsuch, 718 F.2d 29, 41-42 (2d Cir.1983) (applying New York law). As the district court found in this case, see infra at pp. 184-85, the plaintiffs' claims could have been resolved by available timely legal remedies, including an action to rescind under the federal Securities Exchange Act of 1934. See Gatto v. Meridian Med. Assocs., Inc., 882 F.2d 840, 842 (3d Cir.1989).

The aforementioned courts which applied federal law relied on analogous Supreme Court precedent to reach this conclusion. In Russell v. Todd, 309 U.S. 280, 289, 60 S.Ct. 527, 532, 84 L.Ed. 754 (1940), the Court recognized the long-standing doctrine that "when the jurisdiction of the federal court is concurrent with that at law, or the suit is brought in aid of a legal right, equity will withhold its remedy if the legal right is barred by the local statute of limitations." In Cope v. Anderson, 331 U.S. at 464, 67 S.Ct. at 1341, the Court reiterated this position, stating that "equity will withhold its relief in such a case where the applicable statute of limitations would bar the concurrent legal remedy." We have followed this proposition. See Gruca v. United States Steel Corp., 495 F.2d 1252, 1257 (3d Cir.1974).

Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 181-82 (3d Cir.1997).  In this instance, the Bryan Defendants have a legal remedy.  They could bring an action under Tennessee law against the architects for deficiency in design or they could bring a simple breach of contract action against LRK.  As such, this Court must look to the appropriate statutes of limitations on these causes of action under Tennessee law to see if the Bryan Defendants claims are actionable in the present action.

According to the Tennessee Code,

> All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement

Tenn. Code Ann. § 28-3-202.  This Statute of Repose begins accruing from substantial completion of the project.  In this case "Defendants agree that substantial completion of the Island Park Memphis Apartments occurred on or about March 9, 1999." [Record Document 369-1 at 4].  Therefore, the Tennessee statute of repose expired on March 9, 2003.

According to Tenn. Code Ann. § 28-3-109(a)(3), "[t]he following actions shall be commenced within six (6) years after the cause of action accrued: . . . [a]ctions on contracts not otherwise expressly provided for."  Assuming that the Court construed the Defendants underlying cause of action as a claim for breach of contract, the  Tennessee statute of limitations expired on March 9, 2005.  The first Answer alleging these grounds was not filed until May 29, 2007. [Record Document 20].

As such, the underlying action of the declaratory judgment action expired some two years before it was filed.  The claims of Steve Bryan seeking to have this Court "adjudge [Looney Ricks Kiss Architects, Inc.] in default" of the AIA agreement are time barred.  Therefore, as a matter of law, LRK is entitled to summary judgment on those "claims that LRK's works are not protectible by copyright because they allegedly violate the Fair Housing Act and the Americans with Disabilities Act."

**Time of Bar of LRK's Cause of Action**

a.      Statute of Limitations–Copyright Infringement

The statute of limitations for civil claims under the Copyright Act is three years.  17 U.S.C. § 507(b).   In this Circuit a copyright claim accrues "when [the party] knew or had reason to know of the injury upon which the claim is based."  Jordan v. Sony BMG Music Entertainment Inc., 354 Fed. Appx. 942, 945 (5th Cir. 2009) (quoting Pritchett v. Pound, 473 F.3d 217, 220 (5th Cir.2006); see also Groden v. Allen, 279 Fed.Appx. 290, 294 (5th Cir.2008) (per curiam).

According to LRK, "[t]his summary judgment evidence establishes that LRK first learned of the potential similarity of the Cypress Lake Apartments to LRK's Island Park Apartments design in late 2004.  The filing of this action in March 2007 was within the three year statute of limitations." [Record Document 333-1 at 42].  The Bryan Defendants argue that "there is a genuine issue of material fact as to when LRK discovered the alleged infringement." [Record Document 369 at 43].  The Bryan Defendants point this Court to the deposition testimony of James Bryson who was an employee of the Bryan Company and attended a meeting with Paige Close, an employee of LRK, the architect who designed the Island Park Memphis on August 21, 2002.  According to the deposition, the design of the Baton Rouge apartments–Cyrpess Lake–came up:

> Q.      Do you recall when that meeting occurred?
> A.      Well, after going back and reviewing my pictures, I'm pretty damn sure it was the 21st of August of '02.
> . . .
> Q.      Were the–can you remember who on behalf of LRK was there that you're telling us about?
> A.      I'm pretty sure it was–Paige Close was there and somebody else that I cannot recall  his name.
> Q.      What exactly did you say about the Cypress Lake Apartments in Baton Rouge?

A.    I'm–I'm going to have to rephrase it.
Q.    Okay.  Give me your best memory of it.
A.    I said something about, well, we moved this on the ones we did in Cypress Lake, and Paige made some–kind of offhand comical-type remark that, oh, you used our plans down there?  I said, well, they're similar, and then I shut up.
Q.    Why did you shut up?
A.    I thought it might be a problem the way he looked at me, so that's all I said.
Q.    So you didn't tell anybody at that meeting that Steve Bryan asked you to give the Island Park plans to Steve Hill so that he could use them as a basis for Cypress Lake?
A.    Oh, no.
Q.    You didn't say, we copied the Island Park plans–
A.    No.
Q.    –to build Cypress Lake?
A.    No.
Q.    And was the–what were the specific issues that you said you redid in Cypress Lake at this meeting?
A.    I can't remember what wall it was.  It might have been about the kitchens that we made bigger because that was about–you know, well in the middle of framing and I–at Cypress Lake when we were there in '02.  That was Cypress Lake, yeah.

[James Bryson Deposition at 68-70].

This Court finds as a matter of law that the discovery rule governs LRK's claims for copyright infringement.  According to the law in this Circuit, LRK had three years from the time that they discovered the infringement to file a suit against the infringers for copyright infringement.  However, this Court cannot find as a matter of law that LRK discovered the infringement late in 2004.  Even though, the Bryan Defendants have only presented the deposition of James Bryson that suggests an off hand remark from Paige Close that they were aware of the infringement in 2002 that evidence is competent summary judgment evidence and creates a fact issue.  This Court cannot and will not weigh the evidence and

make a credibility determination of James Bryson that is the purview of the jury.  Summary judgment is precluded on this issue.

b.      Laches–Copyright Infringement

Plaintiff has moved for summary judgment on Defendant's affirmative defense of laches. "To establish that a cause of action is barred by laches, the defendant must show (1) a delay in asserting the right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the defendant." Goodman v. Lee, 78 F.3d 1007, 1014 (5th Cir.1996). "Generally speaking, the relevant delay is the period from when the plaintiff knew (or should have known) of the allegedly infringing conduct, until the initiation of the lawsuit in which the defendant seeks to counterpose the laches defense." Jacobsen v. Deseret Book Co., 287 F.3d 936, 949 (10th Cir.2002) (quoting Danjaq LLC v. Sony Corp., 263 F.3d 942, 952 (9th Cir.2001)). The Fifth Circuit has not addressed whether the laches defense applies in a case where the copyright owner files suit within the three-year statute of limitations applicable to copyright infringement claims. However, other circuits have acknowledged that courts should defer to the statute of limitations rather than decide copyright infringement cases on the issue of laches. See, e.g., Jacobsen v. Deseret Book Co., 287 F.3d 936, 950 (10th Cir.2002); Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 798 (4th Cir.2001)  In rare cases, "a statute of limitations can be cut short by the doctrine of laches ...." Jacobsen v. Deseret Book Co., 287 F.3d 936, 951 (10th Cir.2002).

This Court agrees with those other circuits that held that the statute of limitations should not be cut short by the doctrine of laches.  Therefore, as a matter of law, this Court finds that the doctrine of laches does not apply to this case.  LRK had three years from the time of discovering the infringement to bring an action for copyright infringement.  There

is no issue of genuine material fact for a jury.  Summary judgment is appropriate on this issue.

**Pictorial Exception in 17 U.S.C. § 120(a)**

According to the Defendants, they are seeking refuge in 17 U.S.C. § 120(a), which states:

> (a) Pictorial representations permitted.--The copyright in an architectural work that has been constructed does not include the right to prevent the making, distributing, or public display of pictures, paintings, photographs, or other pictorial representations of the work, if the building in which the work is embodied is located in or ordinarily visible from a public place.

17 U.S.C. § 120(a).  This Court has reviewed the briefs from all parties on this issue.  It has even reviewed the brochures at issue. This Court cannot rule on this affirmative defense at this time because the Court, in a previous ruling, has found that there is a genuine of issue of material fact for the jury to decide as to the originality of LRK's copyrighted works.

Therefore, genuine issues of material fact exist and summary judgment would be inappropriate on this issue.

## CONCLUSION

The Court finds there are genuine issues of material fact as it pertain to the Defendant's claims that LRK's cause of action is barred by the statute of limitations and as it pertains to the Defendant's claims that their use of LRK's allegedly copyrighted works fall within the "pictorial representation" exception for copyrights in architectural works.

However, the Court finds there are no genuine issues of material fact and summary judgment is appropriate as it pertains to:

- the Defendants claim for joint authorship in the LRK copyrighted works that are subject of this action;

- the Defendants claims that LRK's works are not protectible by copyright because they allegedly violate the Fair Housing Act and the Americans with Disabilities Act; and

- the Defendants claims that LRK's claims are barred by the doctrine of laches.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment on certain defenses and counterclaims alleged by the defendants filed by the Plaintiffs, Looney Ricks Kiss Architects, Inc. ("LRK"). [Record Document 333] as it pertains to the Defendants' claims that LRK's cause of action is by barred by the statute of limitations be and is hereby **DENIED**.

**IT IS ORDERED** that the Motion for Partial Summary Judgment on certain defenses and counterclaims alleged by the defendants filed by the Plaintiffs, Looney Ricks Kiss Architects, Inc. ("LRK") [Record Document 333] as it pertains to the Defendants' claims that their use of LRK's copyrighted works fall within the "pictorial representation" exception for copyrights in architectural works be and is hereby **DENIED**.

**IT IS ORDERED** that the Motion for Partial Summary Judgment on certain defenses and counterclaims alleged by the defendants filed by the Plaintiffs, Looney Ricks Kiss Architects, Inc. ("LRK") [Record Document 333] as it pertains to the Bryan Defendants' claim of joint authorship in the LRK copyrighted works that are the subject of this action be and is hereby **GRANTED**.

**IT IS ORDERED** that the Motion for Partial Summary Judgment on certain defenses and counterclaims alleged by the defendants filed by the Plaintiffs, Looney Ricks Kiss

Architects, Inc. ("LRK") [Record Document 333] as it pertains to Defendants' claims that LRK's works are not protectible by copyright because they allegedly violate the Fair Housing Act and the Americans with Disabilities Act be and is hereby **GRANTED**.

**IT IS ORDERED** that the Motion for Partial Summary Judgment on certain defenses and counterclaims alleged by the defendants filed by the Plaintiffs, Looney Ricks Kiss Architects, Inc. ("LRK") [Record Document 333] as it pertains to Defendants' claims that LRK's claims are barred by the doctrine of laches be and is hereby **GRANTED**.

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 22nd day of December, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE