# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion in Limine filed by Plaintiffs, Looney Ricks Kiss Architects, Inc. ("LRK") [Record Document 411]. In the instant motion, LRK refers to nine different areas of evidence they wish to be excluded at trial. This motion is opposed. See Record Document 443, Record Document 444 and Record Document 445. For the reasons discussed herein, LRK's Motion in Limine is **GRANTED IN PART AND DENIED IN PART**.

## FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

## MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir.1980). The Collins court further explained that

> When a party files numerous motions in limine, the trial court may not pay close attention to each one, believing that many of them are purely hypothetical. Thus, a party whose motion in

> limine has been overruled must object when the error he sought to prevent with his motion in limine is about to occur at trial. This will give the trial court an opportunity to reconsider the grounds of the motion in light of the actual instead of hypothetical circumstances at trial.

Id.; accord C.P. Interests, Inc. v. Cal. Pools, Inc., 238 F.3d 690, 697 n. 5 (5th Cir.2001).

Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT & T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D.Ill.1993) (citing Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.1975); see also Starling v. Union Pac. R.R., 203 F.R.D. 468, 482 (D.Kan.2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there"). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F.Supp. at 1401.

## LAW AND ANALYSIS

**Alleged Copying of LRK**

The Plaintiffs seek a ruling from this Court preventing the parties from mentioning in the presence of the jury:

> [a]ny design offered for the purpose of proving that LRK copied any part of that design unless the proponent first shows:

      a.      The design was created and published prior to the creation of LRK's Island Park Apartment Community works;

      b.      LRK had access to the design, prior to the creation of LRK's Island Park Apartment Community works, and

      c.      LRK did not have a license to use that design.

[Record Document 411 at 1].

This Court has already found that there are genuine issues of material fact with respect to the originality of LRK's registered designs. See Record Document 357. The proposed evidence that LRK seeks to exclude is relevant to the jury's determination of originality. Therefore, LRK's motion in limine is **DENIED** and both parties are directed to review the Court's ruling contained in Record Document 357 for the appropriate law on this issue.

**Opinion Testimony**

LRK also seeks a ruling from this Court excluding "[a]ny opinion testimony offered by a witness unless the opinion was disclosed in a written report as required by Rule 26(a)(2) and this Court's order requiring disclosure in the form of expert reports. (Doc. 135)." [Record Document 411 at 1-2]. According to the procedures established for this case, as expressed in Record Document 135, "**all expert testimony in this case, even if offered by an employee of a party (including, but not limited to, an architect), must be supported by a timely provided expert report.** A fact witness, however, need not produce an expert report, even though he or she might otherwise qualify as an expert in his or her occupation or profession, as long as that fact witness does not offer expert testimony at trial." [Record Document 135 at 2-3]. Therefore, this Court **GRANTS** LRK's motion in limine as it pertains to any expert witnesses who have not submitted an expert

report by the established deadlines. However, the Court will not go as far as LRK seeks. LRK's motion is extremely broad. The Court will say that in regards to lay opinions that arise through the course of this trial its decisions will be guided by Federal Rule of Evidence 701 which states:

> [i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

**Actual or Statutory Damages**

Further LRK seeks a ruling from this Court excluding "[a]ny evidence of actual or statutory damages that are not claimed by LRK in this action, including the fees LRK could have charged for preparing the designs of the apartment complexes of the defendants, the profit LRK could have earned from such services, the value of LRK's copyrights, and/or the revenues or profits LRK could have earned from the licensing of such copyrights." [Record Document 411 at 2].

On November 1, 2010, this Court granted a Partial Dismissal of Plaintiff's claims, specifically, LRK dropped its claims for actual damages and statutory damages. [Record Document 393]. Since LRK is not pursuing claims for actual or statutory damages any evidence relating to these alleged damages is irrelevant to the issues before the court. In addition they may lead to confusion of the issues among the jury. As such, the Plaintiff's Motion in Limine is **GRANTED** in so far as it seeks to exclude mention of actual and statutory damages not claimed by LRK.

**Hill Settlement**

In addition LRK seeks to exclude "[a]ny evidence concerning the fact of plaintiff LRK's settlement with defendant Stephen Hill, or the amount paid by Hill in such settlement." [Record Document 411 at 2].

On May 12, 2009, this Court granted a Joint/Voluntary Partial Motion to Dismiss Stephen G. Hill from this litigation. [Record Document 175]. The Court agrees with the Plaintiff's that evidence concerning the settlement with Stephen Hill is irrelevant, and even if it becomes marginally relevant this Court finds that it has the distinct potential to mislead the jury and should be excluded pursuant to Federal Rule of Evidence 403. As such, the Motion in Limine is **GRANTED** in so far as it seeks to exclude evidence of LRK's settlement with Stephen Hill.

**Other Lawsuits**

LRK also seeks a ruling excluding

> [a]ny evidence of other claims or lawsuits brought by or against plaintiff, including the following:
>
> No. 95-3009 TU A; James, Harwick-Partners, Inc. v. Looney Ricks Kiss Architects, Inc. and Paige C. Close (the "JHP Litigation"), and
> No. 2:05-cv-02188-Mc/P United States v. Bryan Construction Company, Inc. (the "DOJ Litigation").

[Record Document 411 at 2].

This Court has reviewed the briefs from both parties. While evidence of past lawsuits maybe irrelevant, this Court finds that information relating to the JHP Litigation is particularly relevant to the issue of originality that is before the jury. Therefore, this Court finds that the Motion in Limine should be **DENIED** as it pertains to the exclusion of evidence relating to the JHP Litigation. However, the Court finds the DOJ Litigation is irrelevant and directs the parties' attention to this Court's ruling on the affirmative defenses

filed by LRK. Assuming that the DOJ Litigation becomes marginally relevant to the issues before the jury, this Court rules to exclude its consideration pursuant to Federal Rule of Evidence 403.

**Financial Condition of Any Party**

In addition, LRK seeks to exclude "[a]ny evidence of the financial condition of any party, including LRK's application for protection under Chapter 11 of the United States Bankruptcy Code." [Record Document 411 at 2].

The Bryan Defendants seek to introduce one document from LRK's bankruptcy action. They seek to admit "LRK's request to the bankruptcy court that the court approve a sale of various of LRK's assets, including most of LRK's intellectual property to LRK's successor entity for $25,000." [Record Document 444 at 20]. The Court can understand why the Bryan Defendants seek to introduce this evidence. However, the information is irrelevant and could lead to the confusion of the issues before the jury. This information is more akin to the actual damages that LRK suffered from any alleged infringement of their copyrights. LRK is not seeking actual damages in this matter. They are seeking infringer profits. As such, this information is irrelevant to the issues before the jury. LRK's Motion in Limine is **GRANTED** in so far as it seeks the exclusion of the financial condition of any party.

**Any Potential Remedies**

Furthermore, LRK seeks to exclude mention of "[a]ny potential remedies, including injunctive relief, prejudgment interest and attorney fees, that LRK may be entitled to seek from the judge upon a finding by the jury of infringement." [Record Document 411 at 2].

The other potential remedies that LRK may be entitled to are issues for the Court alone, not the trier of fact. As such, this Court finds that this information is irrelevant and could lead to confusion of the issues. LRK's Motion in Limine is **GRANTED** in so far as it seeks to exclude evidence of potential remedies.

**Affirmative Defenses**

Also, LRK seeks to exclude mention of

> [t]hose affirmative defenses addressed in LRK's motion for partial summary judgment on that subject (Doc. 333), including:
> (a) Claims of joint authorship by Steve and Becky Bryan in the LRK copyrighted works that are the subject of this action.
> (b) Claims that LRK's works are not protectible by copyright because they allegedly violate the Fair Housing Act and the Americans with Disabilities Act.
> (c) Claims that LRK's cause of action is time barred.
> (d) Claims that defendants' use of LRK's copyrighted works fall within the pictorial representation exception for copyrights in architectural works.

[Record Document 411 at 2].

This Court directs the parties to its ruling on the affirmative defenses. As such, this Motion in Limine is moot.

**Roland Freeman, Tom Cook and Clarence Babineaux Testimony**

LRK seeks to preclude "[t]estimony from defendants' designated expert witnesses Roland Freeman, Tom Cook and Clarence Babineaux, as set out in plaintiff's motion in limine under Daubert. (Docs. 321, 371, 372)." [Record Document 411 at 2]. The Court has all ready ruled on the admissibility of these experts. See Record Document 417 and Record Document 421. This Motion in Limine is moot.

**CONCLUSION**

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion in Limine [411] is **GRANTED IN PART AND DENIED IN PART** as outlined above.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 22nd day of December, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE