UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before this Court is a Motion to Certify Under Rule 54(b) and a Motion to Continue Trial Pending Appeal [Record Document 468] filed by Plaintiff, Looney Ricks Kiss Architects, Inc. ("LRK"). Lafayette Insurance Co. ("Lafayette") and State Farm Fire & Casualty ("State Farm") oppose this motion. For the reasons discussed herein, the Motion to Certify Under Rule 54(b) and the Motion to Continue Trial Pending Appeal are **GRANTED**.

### FACTUAL BACKGROUND

Looney Ricks Kiss Architects, Inc. ("LRK") filed suit in this Court alleging copyright infringement against numerous defendants involved in the development, construction and operation of three apartment complexes which were allegedly based on LRK's design.

On December 30, 2010, this Court rendered two Memorandum Rulings [Record Documents 463 and 465] and accompanying Orders [Record Documents 464 and 466], granting motions for partial summary judgment by Lafayette and State Farm, respectively, determining that they have no coverage for Plaintiff's claims under their policies. The Plaintiff moves to have these Memorandum Rulings and Orders certified according to Rule 54(b). See Record Document 468.

**RULE 54(b) CERTIFICATION**

Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

FED.R.CIV.P. 54(b). The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." PYCA Indus., Inc. v. Harrison County Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir.1996). It explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." Id. (citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir.1985)).

The threshold inquiry for a district court is whether "there is no just reason for delay," a determination which is within the sound discretion of the district court. See Ackerman v. FDIC, 973 F.2d 1221, 1224 (5th Cir.1992). In making this determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" Road Sprinkler Fitters Local Union v. Continental Sprinkler Co., 967 F.2d 145, 148 (5th Cir.1992) (quoting Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950)). A major factor the district court should consider is whether the appellate court "'would have to decide the same issues

more than once even if there were subsequent appeals.'" H & W Indus., Inc. v. Formosa Plastics Corp., USA, 860 F.2d 172, 175 (5th Cir.1988) (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)).

## LAW AND ANALYSIS

This Court upon review of the record and the applicable jurisprudence is of the opinion that these Memorandum Rulings [Record Documents 463 and 465] and Orders [Record Documents 464 and 466] should be certified under Rule 54(b). There is no just reason for delay in certifying these rulings as final judgments. While this present action has been on this Court's docket since 2007 and is set for trial in three weeks, this Court finds that allowing the matter to proceed to trial without resolving the question of insurance coverage could lead to substantial judicial inefficiency if the Court were forced to retry the action. This Court has acknowledged through its rulings that there is a paucity of jurisprudence on coverage issues, given the unusual factual context. The Court is mindful that LRK may not be able to sue for breach of the Owner Architect Agreement at issue because of the tolling of the Tennessee statue of limitations. See Record Document 463 at 15 n.8 and Record Document 465 at 15 n.5. More specifically, these two rulings arise out of a nexus between Copyright Infringement law and Contract Interpretation. This Court does not disagree with LRK's position that because they brought an action for copyright infringement, federal copyright laws should govern the disposition of this action between LRK and the alleged infringers. LRK has taken this premise one step further arguing that federal copyright law should govern the entire action, specifically, the insurance coverage issues between the alleged infringers and their insurers. However, this Court has found that federal copyright law should not govern the contractual relationship between the

alleged infringers and the comprehensive general liability insurers. This Court readily admits that this is an unsettled question of law and thus finds that given the complexity, procedural posture and factual background of this action, this Court finds there is no just reason for delay in certifying these rulings as final judgments. From this Court's review of the national jurisprudence and various treatises on Copyright law, no courts or authors have addressed the precise issue before the Court. The Court finds that granting this motion will not result in piecemeal appeals to the appellate court. Furthermore, the Fifth Circuit will not be forced to decide the same issue more than once.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that LRK's Motion to Certify Under Rule 54(b) [Record Document 468] be and is hereby **GRANTED**.

**FURTHER IT IS ORDERED** that LRK's Motion to Continue Trial Pending Appeal [Record Document 468] be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 6th day of January, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE