UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-0572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

    Before the Court is a Motion to Enforce Stipulations (Record Document 680) filed by Plaintiff Looney Ricks Kiss Architects, Inc. ("LRK"). LRK seeks enforcement of stipulations relating to Defendants' gross revenues, which were part of the Joint Pretrial Order (Record Document 437) submitted to the Court on December 13, 2010. LRK maintains that it and its experts have relied upon these stipulations for over three years. See Record Document 680 at 1-2. LRK further contends that Defendants are bound by these stipulations of fact, even though the Court has not entered the order. See id. at 3. Finally, LRK argues that the withdrawal of the stipulations could significantly impact the disposition of business by the Court and also would require additional discovery. See id. at 6.

    The motion is opposed by Defendants CLA, LLC, Island Park Apartments, LLC, and Grand Pointe Apartments, LLC ("Defendants"). See Record Document 710. Defendants contend that the stipulations they wish to withdraw "are not enforceable . . . where the Court expressly did not adopt the pretrial order and where the Court ordered the parties to submit a 'new' pretrial order." See id., citing Record Document 451 (Minutes of Pretrial Conference). Alternatively, Defendants request that they be allowed to withdraw or modify the proposed stipulations as to their gross revenues because no surprise or prejudice to

LRK would occur. See Record Document 710 at 3. Defendants specifically note that LRK has always been aware that it will bear the burden of proving gross revenues. See id. at 3-4.[1] Thus, LRK "cannot now claim surprise at having to carry its evidentiary burden of proof at trial." Id. at 4. Defendants further state that they "seek to withdraw the prior proposed stipulations as to gross revenues in the face of an attack on the reliability of their evidence." Id. at 5.[2]

The Court begins by referring the parties to the minutes of the December 21, 2010 pretrial conference:

> The Court does not adopt the pretrial order as filed. The parties are instructed to submit a new pretrial order once the Court rules on the remaining motions.

Record Document 451 at 2. At the time of the pretrial conference, the remaining motions related to insurance coverage and certain defenses and counterclaims. None of the remaining motions would have impacted the gross revenue figures listed as factual stipulations in the pretrial order. See Record Document 437 at ¶¶ 17-20, 22, 31-33, 40-43, 45. Thus, it was this Court's intent for those factual stipulations to remain in place and for the parties to refile and address only those factual and legal issues that were impacted by

---

[1] LRK bears the burden of proving Defendants' gross revenues. Conversely, Defendants bear the burden of proving their deductible expenses. The issue underlying the motion practice relating to the stipulations appears to be the admissibility of Defendants' financial statements and tax returns, which is the subject of two pending motions in limine. See Record Documents 714 & 726. Similar issues are also raised in LRK's Second Motion in Limine (Record Document 684) and Defendants' Motion for Partial Summary Judgment regarding Amount of Profits (Record Document 654).

[2] LRK has challenged Defendants' expenses, arguing there is doubt that the financial statements and tax returns can be taken at face value. Defendants contend that LRK is challenging the admissibility and reliability of the same documents upon which it relies to establish gross revenues.

the rulings on the remaining motions.

This Court further holds that Federal Rule of Civil Procedure 16, or at a minimum the spirit thereof, governs the resolution of the instant motion. In fact, "the [Fifth Circuit] has held that a pretrial order may merit plenary consideration notwithstanding the fact that it has not been signed." U.S. v. State of Tex., 523 F. Supp. 703, 720 (E.D. Tex. 1981), citing Robertson v. Malone, 190 F.2d 756, 759 (5th Cir. 1951); see also U.S. v. Jones, 176 F.2d 278, 280 (9th Cir. 1949). Under Rule 16, pretrial orders, while not to be lightly set aside, should be modified if such action is necessary to prevent manifest injustice. See Bettes v. Stonewall Ins. Co., 480 F.2d 92, 93 (5th Cir. 1973). The district court is vested with broad discretion in considering when a pretrial order should be modified or amended. See id. at 94.

Defendants have not made the requisite showing under Rule 16. Defendants do not dispute the gross revenue amounts; rather, they seek to withdraw the stipulations (1) in order that they not relieve LRK of its evidentiary burden of proof at trial; and (2) in the face of an attack on the reliability of their evidence. These reasons do not equate to manifest injustice. Additionally, the Court finds Defendants' contention that LRK should not be "surprised or prejudiced" by the withdrawal to be disingenuous. Accordingly,

**IT IS ORDERED** that the Motion to Enforce Stipulations (Record Document 680) is **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of March, 2014.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE