UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-0572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment Regarding Amount of Profits (Record Document 654) filed by Defendants Grand Pointe Apartments, LLC, Island Park Apartments, LLC, and CLA, LLC ("Defendants"). Plaintiff Looney Ricks Kiss Architect, Inc. ("LRK") opposed the motion. See Record Document 662. For the reasons which follow, the Motion for Partial Summary Judgment Regarding Amount of Profits is **DENIED**.

**I.    BACKGROUND.**

This civil action is a claim on behalf of an architecture firm for infringement of copyrights in the design of an apartment complex. The claim arises out of one or more of Defendants' use of the design in connection with apartment complexes in Baton Rouge, Shreveport, and Lafayette, Louisiana.

> Title 17, United States Code, Section 504(b) provides:
>
> Actual Damages and Profits.--The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. *In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.*

17 U.S.C. § 504(b) (emphasis added). Pursuant to this section, LRK seeks to recover the

profits of Defendants that are attributable to the infringement of its plans. Defendants have retained John Dean ("Dean") as their accounting expert. LRK has retained Larry Steinberg ("Steinberg") as its accounting expert.

Defendants argue that "there is no genuine issue of material fact regarding the total net profits of the [D]efendants" because "Steinberg has offered no opinion as to the accuracy of or the amount of the deductible expenses that . . . Dean has calculated in order to arrive at the new profits of [D]efendants." Record Document 654 at 2. Defendants ask the Court to find that the total net profits earned by CLA, LLC in connection with the ownership, development, lease and sale of the Cypress Lake Apartments in Baton Rouge, Louisiana was not more than $1,014,795.00; the total net profits earned by Grand Pointe Apartments, LLC in connection with the ownership, development, lease and sale of the Grand Pointe Apartments in Lafayette, Louisiana was not more than $2,837,978.00; and the total net profits earned by Island Park Apartments, LLC in connection with the ownership, development, lease and sale of the Island Part Apartments in Shreveport, Louisiana was not more than $6,469.346.00. See id.

II.  **LAW AND ANALYSIS.**

   A.  **Partial Summary Judgment Standard.**

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added);[1] see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010). "Rule 56[ (a) ] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

**B.  Infringer Profits under 17 U.S.C. § 704(b).**

Pursuant to Section 504(b), LRK is required to present proof only of Defendants' gross revenue. See 17 U.S.C. § 504(b). The parties have stipulated to the gross revenues in this matter. See Record Document 768. Thus, Defendants will now be required to prove their deductible expenses and the elements of profit attributable to factors other than the copyrighted work. See 17 U.S.C. § 504(b).

Defendants argue in the instant motion that "based upon an admissible affidavit by a qualified accounting expert and the lack of any countervailing evidence from [LRK's] expert," their burden of establishing deductible expenses has been met. Record Document

---

[1]The Advisory Committee Notes reflect that subsection (a) was amended in 2010 "to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense" and "the common phrase 'partial summary judgment'" was added.

672 at 8. According to Defendants, there is "no genuine issue of material fact regarding Defendants' amount of profits" and the proposed amounts of $1,014,795.00; $2,837,978.00; and $6,469.346.00 should be deemed established. Id. Then, the jury will "determine how much, if any, of the profits are attributable to the alleged infringement if the jury determines infringement occurred." Id. at 8-9.

In Intrastate Gas Gathering Co. v. Dow Chem. Co., 154 F.3d 418 (5th Cir. 1998), the Fifth Circuit expressed "concern over the assessment of damages in a summary judgment setting," as the amount of damages to be awarded is "itself inherently fact-driven." Id. Moreover, in deciding a summary judgment motion, this Court is not bound by the opinion of Defendants' expert, Dean. See Holmes v. City of Bastrop, 141 F. App'x 315, 316 (5th Cir. 2005) ("The district court was not bound by the opinion of Holmes's expert on the issue of reasonableness."). Finally, the Court does not agree that the amount of profits is dispute free. LRK's expert, Steinberg, has questioned the reliability of Defendants' financial records and tax returns regarding deductible expenses. For these reasons, Defendants' Motion for Partial Summary Judgment Regarding Amount of Profits is **DENIED**.[2]

## III. CONCLUSION.

Based on the foregoing analysis, the Court finds that genuine disputes of material fact exist such that partial summary judgment in favor of Defendants as to the amount of profits is not appropriate.

---

[2] Additionally, as noted by LRK, this Court has previously denied two defense motions for partial summary judgment relating to experts and damages, reasoning that "expert testimony will be crucial for the jury" and that granting summary judgment on certain issues relating to damages would "impinge[] upon the jury's purview to determine the amount of damages." Record Document 414 at 3; Record Document 415 at 5.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment Regarding Amount of Profits (Record Document 654) filed by Defendants be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of March, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE