UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOONEY RICKS KISS ARCHITECTS, INC. | CIVIL ACTION NO. 07-0572 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE H. BRYAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two Motions in Limine (Record Documents 714 & 726) filed by Defendants Island Park Apartments, LLC, Grand Pointe Apartments, LLC, and CLA, LLC. Defendants move to admit certain financial, accounting, and other related business records and summaries of same. See id. Plaintiff Looney Ricks Kiss Architects, Inc. ("LRK") has opposed both motions. See Record Documents 737 & 742. LRK contends that the records are hearsay and/or do not fall within the business records hearsay exception. See id. Additionally, LRK challenges the admissibility of the summaries because the source documents were not made available for inspection and/or the summaries are based on inadmissible hearsay and inadmissible summary evidence. See id.

The Court has reviewed the extensive briefing relating to the admissibility of the "expense evidence" and rules as follows:[1]

**Tax Returns, Financial/Income Statements, General Ledgers, Balance Sheets, Journal Entries, and Construction Documentation/Expenses**

The Court holds that the above-referenced documents are admissible pursuant to Federal Rules of Evidence 806(3) and 902(11). Defendants have provided this Court with

---

[1] Defendant CLA, LLC also moved in limine to have the JHP litigation documents and the 2013 Settlement Agreement deemed admitted into evidence. See Record Document 726 at 2-3. Such requests were addressed and ruled upon by the Court in Record Document 780.

the Certifications of Records Custodian and the deposition testimony of CPA Greg Murphey, the Chief Financial Officer for The Bryan Company, Inc., and CPA Stephen Dunavant. The Court has reviewed such materials and finds that Defendants have laid the proper foundation for the admissibility of the financial, accounting, and other related business records. The requirements of Rules 806(3) and 902(11) have been met and the evidence is admissible.[2] LRK is free to argue the issue of the accuracy and weight of the aforementioned records to the jury.[3]

**Accounting Expert John Dean's Summaries**

The Court further finds that the three summaries prepared by Defendants' accounting expert John Dean are admissible. The summaries do not relate to the stored source documents LRK alleges were not made available for inspection. Rather, they are summaries of general ledgers, financial statements and tax returns, which this Court has held to be admissible. Moreover, this Court believes that the summaries are also proper

---

[2] See generally Muller-Paisner v. TIAA, 528 Fed.App'x 37, 41 n. 2 (2nd Cir. 2013) ("The estate's conclusory argument that the records' circumstances of preparation indicate a lack of trustworthiness, thus defeating their admissibility, is undercut by its own reliance on the summaries to prove its claims."); Int'l Marine, L.L.C. v. Delta Towing, LLC, No. 10-0044, 2011 WL 890680 (E.D.La. March 11, 2011), aff'd, 704 F.3d 350 (5th Cir. 2013) ("The business records exception has been construed generously in favor of admissibility.").

[3] In U.S. v. Towns, 718 F.3d 404 (5th Cir. 2013), the Fifth Circuit reasoned:

> This court held, however, that Rule 803(6) does not require testimony that the record is accurate. It was enough that the affidavit of the record custodian (who did not make the report) contained statements that tracked the language of Rule 803(6) nearly word for word.
> . . . [A]ny claim concerning the records' accuracy is not the province of Rule 803(6). . . . [A]ccuracy does not control admissibility.

Id. at 409-410 (internal citations and quotations omitted).

pursuant to Federal Rule of Evidence 1006, as the business records summarized are quite voluminous. The summaries will be of great assistance to both the Court and the jury. Finally, the Court notes that Mr. Dean will be subject to cross-examination as to the creation of the summaries and the jury will determine the weight to be given to the summary evidence.

Accordingly,

**IT IS ORDERED** that the Motions in Limine (Record Documents 714 & 726) filed by Defendants Island Park Apartments, LLC, Grand Pointe Apartments, LLC, and CLA, LLC be and are hereby **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 19th day of March, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE